In the Matter of EDWARD A. GREENE, Petitioner, v. NORMAN GALLMAN et al., Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, June 29, 1972.

*Harvey M. Lifset* for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondents.

*Robert F. Doran* for New York State Association of Life Underwriters, *amicus curiae*.

SIMONS, J.   This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission made after a hearing holding that petitioner is liable for an unincorporated business tax imposed under article 23 of the Tax Law for the year 1964.

The petitioner challenges the respondent's finding of taxability claiming that he was an employee of the New England Mutual Life Insurance Company during the tax year 1964. The petitioner has sold insurance for New England since 1956 and during the tax year in question, he worked under a so-called " Agent's Career Contract " for the Schmidt Agency, the general agent for New England in New York City.   Petitioner was trained by New England and he received office space, secretarial help and telephone service at the company's expense.   He was required to periodically report to New England's supervisor.   New England withheld social security benefits from his earnings and granted him fringe benefits under its health and pension plans.   The " Agent's Career Contract " was one of three types of contracts available for sales representatives.   This particular contract, in its combination of features, was designed to promote long-term employment with the company.   Among other things, it allowed petitioner to broker business with other companies, but he was bound to offer whatever insurance business he acquired to New England first.   If he received the company's permission, he could place the risk elsewhere.   This fact did not expose him to the tax. (Tax Law, § 703, subd. [f].)

The commission also found petitioner paid, from his own pocket, for academic courses in estate planning, that he used space in his home for insurance work, that for one month

during the tax year he used office space in Hempstead, New York (the proof developed that this was reimbursed by the company), that he advertised in an amount exceeding $700 paid jointly by himself and New England. The commission relied on these findings to determine that the taxpayer had not sustained the burden of proving he was an employee and, therefore, held him subject to the unincorporated business tax. None of these considerations, relied on by the commission, relate to control of the employee by the employer. It is the degree of control and direction exercised by the employer that is determinative of whether or not the taxpayer is an employee. (*Matter of Frishman* v. *New York State Tax Comm.*, 33 A D 2d 1071, mot. for lv. to app. den. 27 N Y 2d 483; *Matter of Hardy* v. *Murphy*, 29 A D 2d 1038; *Matter of Britton* v. *State Tax Comm.*, 22 A D 2d 987, affd. 19 N Y 2d 613.)

The petitioner was not an individual engaged in business in the sense contemplated by the Tax Law. His loyalties and efforts were directed toward New England's business. That there were policies that he could not place with New England was conceded, but these represented a relatively minor part of his work and could never be brokered by him without the consent of New England.[1] Only then was he allowed to go outside of the company to maintain the goodwill of his and the company's clients. Petitioner's work facilities were supplied by New England, he received fringe benefits of the company and was solely responsible and answerable to it.

Considering the nature of the business of selling life insurance and taking a realistic view of a sales representative's regimen, it is clear that New England exercised all the control and direction which is to be expected under the circumstances to make petitioner an employee within the intendment of the Tax Law. The factual picture presented by this record conforms substantially with that recited in the respondent's own ruling reported at 20 NYCRR 281.3[2] published in 1959

---

1. The taxpayer did pay an unincorporated business tax on these earnings.
2. 20 NYCRR 281.3

"A full-time life insurance soliciting agent whose principal activity is the solicitation of insurance for one life insurance company and who is forbidden by contract or practice from placing insurance with any other company without the consent of his principal company; who uses office space provided by the company or its general agent, is furnished stenographic assistance and telephone facilities without cost, is subject to general and particular supervision by his company over sales, is subject to company established production standards, will generally not be subject to the unincorporated business tax on commissions received from his prime company,

and which states that an unincorporated business tax would not be imposed on such a taxpayer.

The determination should be annulled, with costs, and the matter remitted for further proceedings not inconsistent herewith.

HERLIHY, P. J. (dissenting). It appears that in considering an individual's status as an unincorporated business for purposes of article 23 of the Tax Law, the courts have consistently refused to intervene as to the imposition of a tax by the respondents in the absence of a record which clearly established that as a matter of law the taxpayer was solely an employee as opposed to any aspect of entrepreneur in the earning of his livelihood. (See *People ex rel. Wittich* v. *Browne,* 270 App. Div. 774–778, affd. 296 N. Y. 720; *Matter of Sundberg* v. *Bragalini,* 7 A D 2d 15, mot. for lv. to app. den. 6 N Y 2d 705; *Matter of Britton* v. *State Tax Comm.,* 22 A D 2d 987, affd. 19 N Y 2d 613; *Matter of Hardy* v. *Murphy,* 29 A D 2d 1038; *Matter of Frishman* v. *New York State Tax Comm.,* 33 A D 2d 1071, mot. for lv. to app. den. 27 N Y 2d 483.) In order to reverse the present determination it must be found that the determination of the respondents was " clearly erroneous as a matter of law ". (*Matter of Britton* v. *State Tax Comm., supra,* p. 988.)

In many of the foregoing cited cases the record contained extremely strong evidence of direction and control by the alleged employer, but, nevertheless, the court was constrained to uphold the determination of the respondents in imposing the tax. (Cf. *Matter of Hardy* v. *Murphy, supra.*) In the present case the record establishes that the taxpayer did for a small portion of the tax year maintain his own office and for that time personally employed a secretary. The contract witnessing the relationship of the taxpayer to his alleged employer is entirely consistent with a relationship between an entrepreneur and his principal or client. It states: " Nothing contained in this Contract shall be construed to create

regardless of the provisions of the agreement existing between him and the insurance company, but commissions received from other companies will be subject to such tax. Such an agent shall generally be considered an independent contractor subject to the tax with respect to all his commissions where, for example, he operates from his own office, paying rent not specifically reimbursed to him by his principal company, or where, for example, he, himself, employs one or more permanent employees (rather than temporary help employed from day to day when needed), paying their salaries which are not specifically reimbursed to him. In every case all the relevant facts and circumstances will be considered before a decision is made whether or not the agent is subject to the unincorporated business tax."

the relationship of employer and employee ". The record establishes that the office space and secretarial services either directly supplied for the taxpayer or indirectly supplied by reimbursement were totally dependent upon the quantity of sales generated by him. It is not disputed that he was in fact an entrepreneur or unincorporated business as to a portion of the income received by him through his insurance sales activity which constituted the conduct of an unincorporated business within the meaning of the Tax Law; and it is to be noted that such sales would be slightly less than 20% of his total income for the tax year in question. (See *Matter of Hardy* v. *Murphy, supra.*) In addition to the indicia of a self-employed entrepreneur noted by the majority as found by the respondents, he also obtained legal advice in regard to the appropriate counseling which he should give certain prospects and paid for such advice himself.

Upon the present record it does not appear that the taxpayer has established that his relationship with the New England Mutual Life Insurance Company or its general agent, the A. W. Schmidt Agency, was solely that of an employee as a matter of law within the meaning and intendment of section 703 of article 23 of the Tax Law. Upon the present record it appears that there was ample evidence available to the respondents to support the determination other than the fact that as to a certain amount of his commissions he was selling insurance either for himself or for enterprises other than the alleged employer. (Cf. Tax Law, § 703, subd. [f]; *Matter of Frishman* v. *New York State Tax Comm., supra,* p. 1072.)

The contention of the petitioner that the respondents are bound by the ruling or example set forth at 20 NYCRR 281.3 is without any merit as such ruling was quite obviously based only on a particular set of facts. As noted by the majority, the facts in this record do substantially conform with that example or ruling, but the ruling is phrased in general terms and is clearly not an explicit predetermination that upon the facts presented in this record the petitioner would not be considered an unincorporated business. The last paragraph of the ruling states: " In every case all the relevant facts and circumstances will be considered before a decision is made whether or not the agent is subject to the unincorporated business tax."

Upon the present record it does not appear that the determination is clearly erroneous as a matter of law and, accordingly, the determination should be confirmed.

KANE and REYNOLDS, JJ., concur with SIMONS, J.; HERLIHY, P. J., and GREENBLOTT, J., dissent and vote to confirm determination in an opinion by HERLIHY, P. J.

Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.