■ In the Matter of RICHARD N. COHEN, Petitioner, v NORMAN GALL-

MAN et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term entered in Albany County) to review a determination of the State Tax Commission, made after a hearing, that petitioner is liable for unincorporated business tax imposed under article 23 of the Tax Law for the years 1965, 1966 and 1967. The only question presented on the instant appeal is whether there is substantial evidence to support the respondents' determination that petitioner is liable for additional unincorporated business tax imposed under article 23 of the Tax Law for the years 1965, 1966 and 1967 in that he was engaged in his own business with respect to the solicitation of life insurance. Petitioner, during the years involved, wrote a wide variety of insurance policies with a myriad of different coverages, including life insurance. The life insurance he wrote was sold exclusively pursuant to a "career contract" with Robert E. Clancy Associates, general agent in New York City for the Massachusetts Mutual Life Insurance Company. While the contract required petitioner to act solely for Clancy in his sales of life insurance, he had the right to determine when, where, how and with whom he was to solicit such business. Moreover, while he was eligible for life, health and deferred compensation benefits and social security taxes were collected from his commission income, income taxes were not withheld. In addition Clancy provided petitioner with no office space and petitioner did not utilize secretarial or other services of Clancy. Petitioner urges that *Matter of Greene v Gallman* (39 AD2d 270, affd. 33 NY2d 778) controls but we agree with respondents that it is distinguishable. Petitioner was not "a *full-time* life insurance soliciting agent whose *principal* activity is the solicitation of insurance for *one* life insurance company" (emphasis supplied) and while the taxpayer need not work exclusively for one company, it is clear from *Matter of Greene v Gallman (supra,* p 272) that the solicitation of insurance for other companies must take a subservient position to the solicitation of insurance for the principal life insurance company. Such is not the case here; rather, it is clear from the record that petitioner had substantial and ongoing business dealings with companies and agencies other than his supposedly principal life insurance company. Moreover, petitioner failed to satisfy the requirement in *Greene* that he use "office space provided by the company or its general agent" and that he be "furnished stenographic assistance and telephone facilities without cost." Finally, petitioner failed to meet the *Greene* requirement that he be "subject to general and particular supervision by his company over sales, [and be] subject to company established production standards". There is evidence he was subject to general supervision but clearly no proof of that degree of control exercised by an employer of an employee. Rather than come within the suggested ruling of the State Tax Commission (20 NYCRR 281.3, p 602) petitioner's activities instead clearly comes within the provisions of 20 NYCRR 281.3 (b) itself. Accordingly, the determination of the respondents is supported by substantial evidence and must be confirmed. Determination confirmed, and petition dismissed, with costs. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.