■ In the Matter of ELIZABETH K. GUTMANN et al., as Coexecutors of HARRY K. GUTMANN, Deceased, Petitioners, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of

the State Tax Commission. This article 78 proceeding was brought by the executors of the estate of one Gutmann to review respondent's determination that the taxpayer was not an employee, but an independent contractor and, therefore, subject to the unincorporated business tax for the taxable years in question. This court has recently considered several cases involving this precise issue. As the facts of each case vary, each must be resolved on its own particular facts. In view of this, it is necessary to set forth in some detail the pertinent facts. The record reveals that Gutmann was employed by the Mutual Life Insurance Company of New York (Mutual) as a soliciting insurance agent. Pursuant to a written contract he was required to submit all business to Mutual and it had the right of first refusal. The record further reveals that during the years in question approximately 75% of the taxpayer's income came from commissions on policies written by his prime company; that Mutual supplied Gutmann with an office, a telephone and some clerical and secretarial assistance; that Gutmann supplemented the salary of the secretary assigned to him; that the taxpayer withheld taxes on wages paid by him to the secretary; but that social security and unemployment insurance were paid by Mutual. The record also establishes that the taxpayer spent his own funds for advertising, travel and entertainment, but was allowed a certain percentage of his income as an allowance towards his business expenses. Furthermore, the record demonstrates that initially the taxpayer underwent a six-month training period; that he was required to report to the company and attend meetings on a weekly basis; that while Mutual did not withhold income tax on his commission, it did withhold social security and contributions for pensions and fringe benefits. The pivotal concern in resolving the issue of whether the taxpayer is an employee or an independent contractor is the amount of direction and control which the company exercises over the taxpayer. In the instant case it is most significant that Gutmann had to submit all his business to Mutual, he was trained by Mutual, he was provided with office space and telephone facilities and he was required to report to the company weekly. In light of the Rules and Regulations of the State Tax Commission (20 NYCRR 281.3) and a recent case of this court, *Matter of Greene v Gallman* (39 AD2d 270, affd 33 NY2d 778), we are of the view that on this record Gutmann was sufficiently under the direction and control of Mutual so as to constitute an employee, and not an independent contractor, within the purview of the Tax Law. The determination, therefore, should be annulled. Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith. Sweeney, Kane and Mahoney, JJ., concur; Koreman, P. J., and Larkin, J., dissent and vote to confirm in the following memorandum by Koreman, P. J. Koreman, P. J. (dissenting). The majority points to evidence tending to establish petitioner's status as an independent contractor, as well as evidence that would support his status as an employee. Thus, a factual issue was presented for the determination of the Tax Commission, which will not be disturbed by the courts unless shown to be erroneous, arbitrary, or capricious. It is clear, under the facts of the present case, that petitioner has failed to meet the burden of establishing his entitlement to the tax exemption sought in this proceeding *(Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Finance of State of N. Y.,* 39 NY2d 75; *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193; *Matter of Hardy v Murphy,* 29 AD2d 1038). The determination should be confirmed.