■ In the Matter of PETER J. KENT, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained unincorporated business taxes imposed under articles 16-A and 23 of the Tax Law for the taxable years 1957 through 1960 inclusive. In this controversy we are again presented with a problem which has repeatedly confronted us in recent years. The issue is whether a taxpayer, an insurance agent, is an employee or an independent contractor. A resolution

of the case rests largely on the control which the company exercised over the taxpayer *(Matter of Greene v Gallman,* 39 AD2d 270, affd 33 NY2d 778). The nature of the issue necessitates a full recitation of the facts. Petitioner, a licensed insurance agent and broker, solicited both general and life insurance pursuant to a contract with Jay B. Rappaport, Inc., an insurance agency. Petitioner's contract with Rappaport required him to place all orders obtained by him for both general and life insurance through the agency. Any orders obtained by petitioner were to be delivered to the agency which then took charge of them and rendered bills in the agency's name for any orders it accepted, unless the insurer billed directly. The agency reserved the right to refuse to accept any orders placed by petitioner and petitioner agreed not to render any bills or collect money for premiums in connection with any orders obtained by him. Petitioner was entitled to one half of the commission received as compensation. Under the contract petitioner was liable for the premiums which his customers failed to pay. Upon termination of the contract petitioner was to obtain all account folders, expiration records, a list of outstanding binders, new orders and indorsements relating to his customers. Rappaport further agreed not to solicit, accept or service business of any of these accounts for a period of five years. The record further reveals that no Social Security or income taxes were withheld by Rappaport from commissions earned by petitioner. Petitioner received certain income from American Life Insurance directly. The agency insured petitioner under group life and medical benefit insurance policies. The record also demonstrates that Rappaport provided petitioner with all necessary office facilities, filing space and bookkeeping services. The agency also trained petitioner and from time to time provided him with names of potential clients. Respondent determined petitioner was subject to the unincorporated business tax within the intent and meaning of sections 386 and 703 of the Tax Law. Respondent denied petitioner's application to reopen the hearing to submit additional evidence pertaining to the relationship between the petitioner and Rappaport. Initially, we find no merit in petitioner's contention that the commission's refusal to reopen the hearing was arbitrary and capricious (see *Matter of McNamara v New Process Gear Div., Chrysler Corp.,* 43 AD2d 603). We now pass to a consideration of the merits. Rappaport was engaged in selling insurance, as was petitioner. The latter, however, had to place all orders obtained by him through Rappaport and the latter reserved the right to refuse or accept the orders obtained by petitioner. These weighty circumstances strongly evidence substantial control by Rappaport over the essential activities of petitioner. In substance, petitioner could not consummate the sale of an insurance policy without the approval of Rappaport. Such is the type of control an employer exercises over an employee. Furthermore, Rappaport furnished petitioner with all the necessary office facilities to carry on the business of selling insurance and initially trained him. Both these factors further attest to an employer-employee relationship. Respondent, on the other hand, calls attention to the income petitioner received from American Life Insurance for the sale of life insurance, contending that such indicates the status of an independent contractor. This income, however, was in accordance with petitioner's contract with Rappaport, the general agent for American Life, and was not incompatible with the contract or inconsistent with an employer-employee relationship. Viewing the total record, in light of recently decided cases, we are of the view that Rappaport exercised the degree of control over petitioner's critical activities in the selling of insurance so as to make him an employee. In many of the decided cases involving this same issue analogous

facts and circumstances are present while other dissimilar facts may also appear. Although all facts and circumstances in each particular case must be evaluated in reaching a determination, we find of crucial significance here the agency's reservation of the right to reject any business solicited by petitioner and the fact that petitioner was compelled to do all his business through the agency *(Matter of Guttman v Tully,* 53 AD2d 751; *Matter of Greene v Gallman,* 39 AD2d 270, 273, affd 33 NY2d 778). Respondent's determination, therefore, should be annulled. Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Main and Larkin, JJ., concur; Herlihy, J., concurs in a separate memorandum. Herlihy, J. (concurring). I am constrained to concur upon the authority of *Matter of Greene v Gallman* (39 AD2d 270, affd 33 NY2d 778) wherein it was held that the taxpayer was exempt from the unincorporated business tax as a matter of law.