■ In the Matter of RALPH WINTHROP, Petitioner, v MARIO A. PROCACCINO et al., Constituting the State Tax Commission, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a deficiency assessment against petitioner for unincorporated business taxes for the years 1963 through 1965 and 1967. Petitioner filed personal income tax returns for the four years (1963, 1964, 1965 and 1967) in question and filed unincorporated business tax returns for 1963 and 1965 but on those two returns only reported income received as commissions and not salary income. After a hearing respondent concluded that petitioner was an independent contractor with respect to all his income received directly from insurance companies either in the form of commissions or "salaries". Respondent then issued a determination in which deficiencies were sustained. This article 78 proceeding ensued. A resolution of this controversy requires a close examination of the facts and circumstances surrounding the activities from which petitioner derives his income. Although they are somewhat lengthy, a full recitation is necessary to understand and determine the issue. During the years under review, petitioner acted as a life insurance salesman, a pension consultant and a mutual fund broker. In 1963 and 1964 he sold life insurance for the New England Mutual Life Insurance Company (New England) under an "Agent's Career Contract" with David Marks, Jr., a general agent for New England. Thereafter on December 7, 1964 petitioner entered into a "Career Contract" with the Canada Life Assurance Company (Canada). Under his agreement with Canada, unlike that with New England, he was explicitly prohibited from soliciting business for any other insurance company without the prior permission of Canada. In 1965 petitioner formed the Ralph Winthrop Assoc., Inc., corporation for the purpose of avoiding personal liability. The record further reveals that petitioner received certain fixed sums, "salaries", from

which personal income tax was withheld by Marks and Canada. He also received commissions from other insurance companies. While the record demonstrates petitioner was provided with office facilities and clerical help, it also establishes that petitioner's own corporation paid for part-time clerical help and bought office furniture and that petitioner personally paid substantial amounts for postage and stationery, advertisement, extra hours clerical help, messenger service, telephone, travel, gifts, entertainment, etc. The record also establishes that for the year 1963 petitioner received a total income of approximately $30,000 from Marks, some $3,300 from other insurance companies and deducted some $11,500 as business expenses; that for 1964 he received some $21,700 from Marks or Canada and some $15,000 from other insurance companies and he deducted some $13,600 for business expenses; that in 1965 he received some $25,600 from Marks and Canada and some $16,300 from other sources and his business expenses were some $14,600; that for 1967 he received some $39,000 from Canada and $23,500 from his personal corporation and deducted some $30,500 for business expenses. The basic issue for our determination is whether there is substantial evidence in the record to sustain respondent's determination. While we have repeatedly stated that the control exercised by the employer is of paramount importance in determining whether a taxpayer is an employee or an independent contractor *(Matter of Greene v Gallman,* 39 AD2d 270, 272, affd 33 NY2d 778), all facts and circumstances must, nevertheless, be evaluated in reaching a determination *(Matter of Kent v State Tax Comm.,* 55 AD2d 727). On the instant record, respondent could properly conclude that petitioner was not a full-time agent for one insurance company and, consequently, that he failed to meet the criteria established in respondent's ruling reported at 20 NYCRR 281.3. Respondent could also reasonably conclude from petitioner's testimony that the so-called "salaries" he received were in fact a drawing account and earned in the same manner as commissions. It is also significant that petitioner's responses to specific questions pertaining to the control exercised by Canada and New England were vague and indefinite. It is well established that petitioner has the burden of proof in demonstrating his exemption from a tax *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). It has also been established that, upon review of a determination of the State Tax Commission, if there are facts or reasonable inferences to be drawn from the record which support the determination, the assessments must be affirmed *(Matter of Young v Bragalini,* 3 NY2d 602). With these principles in mind, we are of the view that, considering the record in its entirety, there is substantial evidence to sustain respondent's determination, and it must, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.