■    In the Matter of Louis J. Szutz, Petitioner, v State Tax Commission, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission

which sustained a deficiency assessment against the petitioner for unincorporated business taxes for the years 1965, 1966 and 1967. Petitioner was a salesman with M. H. Greenebaum, Inc., from 1958 to 1965. His duties consisted of soliciting orders for food products from hotels, clubs and restaurants; advising the company on food matters, and holding meetings with other salesmen to explain the merchandise and instruct them on sales techniques. Petitioner exclusively represented the company during this period and he was provided with an office, clerical help and a telephone at company headquarters. In January of 1965 petitioner held the title of vice-president of one of the divisions of the company. In July of 1965 when the company was being purchased by John Morrell, Inc., the prospective purchaser did not want to include petitioner in its pension plan because of his age and salary. Accordingly, petitioner, in order to retain his employment, entered into a written agreement wherein he affirmed that henceforth he would be an independent contractor, not an agent or employee, without authority to bind the company or its successor and, further, that he would be solely and exclusively responsible for wages, commissions, workmen's compensation, insurance, payroll and all other taxes relating to himself or anyone employed by him. Pursuant to this agreement the company ceased deducting Social Security, workmen's compensation and income tax withholdings from petitioner's commissions. Petitioner filed an unincorporated business tax form for 1965, the first year following the agreement, but did not do so for 1966 and 1967. The respondent tax commission found that petitioner's activities constituted an unincorporated business and sustained a deficiency assessment against the petitioner for unincorporated business taxes for the years 1965, 1966 and 1967. We have held on numerous occasions that it is the degree of control exercised by the employer that is determinative of whether or not the taxpayer is an employee (Matter of Greene v Gallman, 39 AD2d 270, 272, affd 33 NY2d 778; see Matter of Kent v State Tax Comm., 55 AD2d 727). In the case at bar, control by the employer over the petitioner's sales activities was not demonstrated. Petitioner selected his own customers, used his own sales approach subject only to loose review of his results. This, coupled with the agreement between employee and employer, that during the years in question the former was an independent contractor, dilutes petitioner's proof to a degree that it can be said that he failed to carry the burden of establishing his exemption from the unincorporated business tax (Matter of Liberman v Gallman, 41 NY2d 774). Thus, it cannot be said that respondent's determination is not supported by substantial evidence. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.