In the Matter of IRVING MINKIN, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, December 29, 1977

## APPEARANCES OF COUNSEL

*Eisner, Levy, Steel & Bellman, P. C. (Eugene G. Eisner* of counsel), *Charles W. Schoeneman* and *Sherwyn E. Syna* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Lawrence J. Logan* and *Ruth Kessler Toch* of counsel), for respondent.

## OPINION OF THE COURT

SWEENEY, J. P.

Petitioner was a wholesale dress salesman for several non-competing companies during the years 1968 and 1969. The respondent State Tax Commission concluded that he was subject to an unincorporated business tax for those years. This article 78 proceeding was commenced seeking an annulment of that decision. The issue presented on this proceeding is whether that determination is erroneous as a matter of law, arbitrary or capricious.

Petitioner worked solely on commissions for each of the firms in question. His chief source of income was derived from Domani Knits. Domani withheld Federal and State income taxes and Social Security, and covered petitioner with work-men's compensation, unemployment, disability and hospitalization insurance. Only one of the other companies deducted any taxes. Domani also exercised some control over petitioner's work activities. The record further demonstrates that petitioner maintained an office in his home where he stored his samples. The room contained a telephone and typewriter

which were used for business purposes. All of the companies charged petitioner for samples and none of them reimbursed him for his expenses. On his income tax returns petitioner deducted expenses for office rent, telephone, postage, printing and samples. The record is devoid of any proof that the companies exercised supervision and control of the manner of the sales routine used by petitioner.

Initially, we note that the burden of overcoming this tax assessment rests with petitioner. The Court of Appeals in the recent case of *Matter of Liberman v Gallman* (41 NY2d 774) considered the issues raised by such a controversy and enumerated certain controlling principles applicable to their resolution. The court noted that our review is limited and that we should not substitute our judgment for that of the Tax Commission where reasonable minds may differ as to the probative force of the evidence (pp 777, 778). It was also stated therein that if there are any facts or reasonable inferences from the facts to sustain the determination of the Tax Commission, the court must confirm (p 777). Applying these principles to the instant case, we are unable to conclude that respondent's determination is erroneous as a matter of law, arbitrary or capricious and, consequently, we must confirm (see *Matter of Rawson v Tully,* 60 AD2d 717).

The determination should be confirmed, and petition dismissed, without costs.

HERLIHY, J. (dissenting). We are concerned in this case with article 23 of the Tax Law as it imposes a tax for years subsequent to 1960.

Section 701 of the Tax Law imposes a tax "for each taxable year on the unincorporated business taxable income of every unincorporated business wholly or partly carried on within this state." Section 703 of the Tax Law is entitled "Unincorporated business defined" and in pertinent parts it provides in subdivision (a), (b), and (f) as follows:

"(a) General. An unincorporated business means any trade, business or occupation conducted, engaged in * * * by an individual * * *. If an individual or an unincorporated entity carries on two or more unincorporated businesses, all such businesses shall be treated as one unincorported business for the purposes of this article.

"(b) Services as employee, et cetera. The performance of

services by an individual as an employee or as an officer or director of a corporation * * * shall not be deemed an unincorporated business, unless such services constitute part of a business regularly carried on by such individual. * * *

"(f) Sales representative. An individual, other than one who maintains an office or who employs one or more assistants or who otherwise regularly carries on a business, shall not be deemed engaged in an unincorporated business solely by reason of selling goods, wares, merchandise or insurance for more than one enterprise. For purposes of this subdivision, space utilized solely for the display of merchandise and/or for the maintenance and storage of records normally used in the course of business shall not be deemed an office, and the employment of clerical and secretarial assistance shall not be deemed the employment of assistants."

It is against the foregoing provisions that the assessment against this taxpayer must be scrutinized and the established record facts must control.

It is apparent that the Legislature when it defined an unincorporated business in section 386 of article 16-A and section 703 of article 23 of the Tax Law intended to place a tax on individuals who were self-employed. In his message approving the revision of the unincorporated business tax pursuant to chapter 564 of the Laws of 1960 Governor Rockefeller referred to the taxpayers as businessmen and this is consistent with the apparent intent of the Legislature.

The initial fact which must be affirmatively established by the administrative agency is that upon its face the income sought to be taxed is business income and not service as an employee.

At the outset it must be noted that the manner in which the petitioner reported his income for the years 1968 and 1969 undoubtedly justifies the initial conclusion of the administrative agency that the petitioner was engaged in an unincorporated business.

During the years 1968 and 1969 the petitioner was a wholesale sales representative for women's dresses. In 1968 he represented five women's apparel companies and in 1969 four such firms. The petitioner's gross earnings were by commission although with Domani Knits (Domani) he was entitled to draw $400 per week as salary limited to a total of $3,000 as against earned commissions. The petitioner's earnings from commissions for the years in question were as follows:

|                | 1968         | 1969         |
|----------------|--------------|--------------|
| Domani         | $22,500.00   | $23,200.00   |
| Pomette        | 4,716.65     | 8,036.75     |
| George Gering  | 925.00       | 525.00       |
| Tiara          | 471.58       | 496.74       |
| Kay Kipps      | 250.00       |              |
|                | $28,863.23   | $32,258.49   |

All of the employers charged the petitioner for samples and none of them reimbursed him for his expenses. However, he testified that on occasion he would receive expense paid business trips from Domani. Domani withheld Federal and State income taxes and Social Security taxes from the petitioner's commissions and covered him for workmen's compensation, unemployment insurance, disability and hospitalization insurance. The petitioner also participated in Domani's pension plan.

The petitioner's testimony as to his employment activities was not disputed.

Petitioner testified at a Tax Commission hearing that he was hired under an employment contract by Domani as a wholesale salesman. According to petitioner's uncontradicted testimony, Domani required him to work an eight-hour day either on the road in a prescribed selling territory or in Domani's New York City showroom. Petitioner was required to submit an itinerary prior to any business trips and to stay in daily contact with the general sales manager. Domani further limited petitioner's potential customer to a group of stores which could only be increased with Domani's permission and Domani had the power to veto petitioner's vacations.

Petitioner's activity on behalf of the other dress companies was carried out during hours that he was not working for Domani. While these activities often took place during business trips on behalf of Domani, petitioner stated that he segregated his working hours between the various concerns. He further testified that sales made on behalf of other companies were of no benefit to Domani. Domani was aware of petitioner's activites on behalf of Pomette, petitioner's second largest source of income, and petitioner testified that he usually had to get permission to devote his off-hours to selling

for Pomette. Petitioner was unsure of whether Domani was aware of his other sales activities.

Petitioner testified that he had a room set aside in his home for use as an office where he stored his samples. In addition the room contained a telephone and a typewriter which he used for business purposes. However, petitioner did not have his own letterhead and his business card contained the name, address and telephone number of Domani. Further, any typing which might occasionally be done on his behalf at his home was done by his wife.

While this petitioner was clearly self-employed as to some of the companies, the provision as to two or more businesses in subdivision (a) of section 703 of the Tax Law as quoted hereinabove does not appear to mean that as a matter of law all of petitioner's income must be treated as from an unincorporated business. The provision in the said subdivision (a) would seem to be intended to preclude an individual from lowering his gross income through "separate" business entities and/or seeking additional credits. Apparently, this subdivision has not been subject to judicial interpretation (cf. *Matter of Raynor v Tully*, 60 AD2d 731).

In my opinion, this petitioner had to work for Domani and as to that source of income was not in any respect an entrepreneur as required by subdivision (b) of section 703 of the Tax Law as quoted hereinabove. Giving due consideration to the exception provided in subdivision (f) as to reliance upon certain facts, it is not established herein that the petitioner had an office.

The majority conclude that *Matter of Liberman v Gallman* (41 NY2d 774) is controlling, but I respectfully disagree. There the court set forth three primary reasons for finding sufficient facts to sustain the commission, as set forth hereinafter.

First, *Liberman* was engaged as a sales representative and Reider, his employer, did not exercise any control over his sales endeavors. Here, the proof is to the contrary. Petitioner was subject to control under an employment contract.

Second, *Liberman* was directly responsible for paying for his own office and clerical help. Here, the commission found that the petitioner maintained an office in his home and did not have any assistants or employees.

Third, Reider failed to withhold income taxes from commissions paid to *Liberman.* Here, the commission found that the

employer withheld not only Federal and State income taxes, but Social Security.

The present record contains substantial facts to establish the employer-employee relationship between the petitioner and Domani and there is no rational basis for a contrary finding. The determination as to Domani is erroneous as a matter of law (cf. *Matter of Greene v Gallman,* 33 NY2d 778; *Matter of Gutmann v Tully,* 53 AD2d 751).

The determination of the Tax Commission should be modified by finding that the income paid to petitioner by Domani was that of an employee and not subject to article 23 of the Tax Law and as so modified, confirmed, and the matter remitted for a determination in accordance herewith.

KANE, MAHONEY and LARKIN, JJ., concur with SWEENEY, J. P.; HERLIHY, J., dissents and votes to modify in an opinion.

Determination confirmed, and petition dismissed, without costs.