■ In the Matter of KENNETH J. RAWSON, Petitioner, v JAMES H. TULLY et al., Constituting the STATE TAX COMMISSION, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment pursuant to article 23 of the Tax Law. During the years in question, petitioner was a salesman representing from five to seven different paper product companies. With respect to the companies for which he worked on a straight commission basis, petitioner clearly failed to offer sufficient proof of an employee-employer relationship to mandate a finding by the Tax Commission that subdivision (b) of section 703 of the Tax Law exempts him from the tax. But, as to Superior Tape Corporation (Superior) and Adams Industries (Adams), his two largest sources of income, petitioner's assertion that he was an employee and not an independent contractor (see Tax Law, §§ 386, 703, subds [a], [b]) has more merit. Petitioner held the title of sales manager with both Superior and Adams, and was paid a fixed annual income plus bonuses by both. The record reveals many more details of their relationship to petitioner, but in light of the commission's finding of independent contractor status and the recent ruling of the Court of Appeals in *Matter of Liberman v Gallman* (41 NY2d 774, revg 53 AD2d 766), it is not necessary to sift through such details. In *Matter of Liberman (supra)*, the taxpayer worked exclusively for a shoe manufacturer (Reider) as a salesman. This court, after noting the usual factors for characterizing the relationship as independent contractor or employee (such as whether the manufacturer withheld social security or income taxes from its payments to the taxpayer), held (p 767) "that it is the degree of control and direction exercised by the claimed employer which is determinative of the issue of a taxpayer's employment *(Matter of Greene v Gallman,* 39 AD2d 270, affd 33 NY2d 778)". Focusing on the issue of control, this court found certain evidences of Reider's control, *to wit,* that petitioner could only accept orders upon Reider's approval, Reider could unilaterally claim certain customers as "house accounts" (as to which petitioner would be entitled to no commissions), and petitioner represented no other entity but Reider. The only fact indicating lack of control was that petitioner's daily activities were left to his own discretion. Accordingly, the Tax Commission's determination of petitioner as an independent contractor was annulled. The Court of Appeals unanimously reversed and reinstated the determination of the commission. The court agreed with this court's ruling that control over

execution of the work assignment is decisive,* but disagreed as to what "control" means in the context of a salesman's obligations to the entity for which he sells. "Reider did not exercise any control over his sales endeavors. Although the company did assert some supervision to assure itself that Liberman was covering his territory and was visiting its substantial customers, Reider did not, and indeed could not have, controlled or regulated the manner in which Liberman attempted to solicit business. [Petitioner's] selection of sales approaches was primarily a matter of personal style and discretion. * * * In the absence of supervision and control of the sales routine, salesmen do not become employees. [Citations omitted.]" *(Matter of Liberman v Gallman, supra,* pp 778-779.) Petitioner Rawson's manner of selling was even less subject to control (see *Matter of Minkin v State Tax Comm.,* 60 AD2d 420). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.

---

* Control is not the only factor. In *Liberman,* the Court of Appeals mentioned that the salesman's personal responsibility to pay his office rent and Reider's failure to withhold income taxes were some further evidence of independence. However, it is clear the main consideration is control, and in any event, herein no income or social security taxes were withheld from payments to the taxpayer. Superior provided an office and secretary two days a week, but this is insufficient to outweigh the complete absence of control by any entity over the manner in which petitioner achieved his sales.