■ In the Matter of PETER S. RAYNOR, Petitioner, v JAMES H. TULLY et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission which sustained a deficiency assessment against the petitioner for unincorporated business taxes imposed under article 23 of the Tax Law for the years 1968 through 1970. The only issue before this court is whether there is substantial evidence to support the determination that petitioner, a salesman, was during the years in question an independent contractor rather than an employee of two concerns (CPLR 7803, subd 4; *Matter of Lieberman v Gallman,* 41 NY2d 774; *Matter of Manket v State Tax Comm.,* 58 AD2d 708). As to the Pyramid Manufacturing group, a producer of leather goods, petitioner has wholly failed to produce evidence sufficient to sustain his burden of overcoming the tax assessment herein *(Matter of Lieberman v Gallman, supra,* p 777). The case as to the second business, Werthley Jewelry, however, is much closer. Tending to support a finding of an employer-employee relationship are the facts that petitioner's sales territory was limited, that no sale was final

without Werthley's approval *(Matter of Kent v State Tax Comm.,* 55 AD2d 727) and that State and Federal taxes were withheld by Werthley from petitioner's commissions *(Matter of Lieberman v Gallman, supra).* On the other hand, it appears from the record that Werthley did not exercise any real supervision over the petitioner's sales methods and was more interested in the results obtained than the means used. This is evidence supporting the conclusion that petitioner was an independent contractor, subject to the unincorporated business tax, rather than an employee of Werthley *(Matter of Lieberman v Gallman, supra; Matter of Gutmann v Tully,* 53 AD2d 751). Other factors supporting the determination herein are the facts that petitioner worked on a straight commission basis and received no extra compensation for additional responsibilities such as training salesmen *(Matter of Feld v Gallman,* 41 AD2d 882) and that he was not reimbursed for his business expenses *(Matter of Seifer v State Tax Comm.,* 58 AD2d 726). While the record may also have supported a contrary determination, at least as to petitioner's relationship with Werthley, we may not substitute our judgment for that of the tax commission when, as in the instant case, its determination is supported by substantial evidence *(Matter of Lieberman v Gallman, supra).* Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.