■ In the Matter of RICHARD B. MENIN, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission which sustained a deficiency assessment against petitioner for unincorporated business taxes for the years 1964 through 1970 and 1972 through 1974. After a hearing, respondent concluded that petitioner was an independent contractor with respect to all his income received from insurance companies which he represented. Petitioner reported his occupation to be that of estate planning. During the years under review, petitioner worked under an agent's career contract as a life insurance agent for New England Life Insurance Company (New England) and for its general agent, David Marks, Jr. He also sold life insurance and other types of insurance for other principals and performed services as a consultant on pension plan matters. Petitioner was provided with an office suite at the place of business of the general agent, who provided secretarial help, stationery and telephone service. However, petitioner's commissions on first-year policies were applied against the cost of office space, as well as goods and services provided to petitioner. New England paid petitioner on a commission basis, and deducted Social Security taxes from petitioner's commission income, but did not withhold Federal or State withholding taxes or provide workers' compensation coverage. Petitioner was covered by group life insurance, major medical and hospitalization benefits. Petitioner was required to attend weekly sales meetings and periodic educational meetings.

He called his secretary daily and reported to the general agent or a supervisor once a week. Petitioner was required to offer business to New England first. In the event that New England refused the application, petitioner could then place the risk with another company. He was permitted to seek types of insurance not written by New England and to place them with other companies. The general agent's primary control over petitioner's activities was limited to his requiring that petitioner meet a minimum sales quota of business for New England. Petitioner employed part-time assistants in his office at the general agent's place of business. He purchased drapes and carpeting for his office at the general agent's place of business with his own funds, and formed a corporation with three other agents. Said corporation purchased furniture for a conference room which was set up in petitioner's office suite. Petitioner used two letterheads, that of his own and New England's. He divided his seven-day work week between the general agent's office and another office which he maintained in his home. In his activities for all principals, he incurred substantial business expenses which he claimed as deductions against total income on Federal Schedule C during the years under review, which totaled $16,541 in 1964 and increased to a total of $45,561 for the year 1974. This court has sustained determinations that petitioners, who were insurance agents, were subject to the unincorporated business tax where the facts were similar and almost identical to the facts contained in the record herein *(Matter of De Simone v Tully,* 63 AD2d 1054; *Matter of Kaplan v Tully,* 63 AD2d 1109; *Matter of Winthrop v Procaccino,* 56 AD2d 969; *Matter of Cohen v Gallman,* 48 AD2d 754). The basic issue for our determination is whether there is substantial evidence to sustain respondent's determination. While we have repeatedly stated that the control exercised by the employer is of paramount importance in determining whether a taxpayer is an employee or an independent contractor *(Matter of Greene v Gallman,* 39 AD2d 270, 272, affd 33 NY2d 778), all facts and circumstances must, nevertheless, be evaluated in reaching a determination *(Matter of Kent v State Tax Comm.,* 55 AD2d 727). On the instant record, respondent could properly conclude that petitioner was not a full-time agent for one insurance company and that he was, in fact, an independent contractor. Considering the record in its entirety, there is substantial evidence to sustain respondent's determination. (See *Matter of Liberman v Gallman,* 41 NY2d 774.) Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.