■ In the Matter of SAMUEL B. COHEN, Petitioner, v RODERICK G. W. CHU et al., Constituting the State Tax Commission of the State of New York, Respondents.—Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment imposed under Tax Law article 23.

In this CPLR article 78 proceeding, petitioner, an insurance agent with Provident Mutual Life Insurance Company, challenges respondents' determination that he is liable for unincorporated business taxes for 1979 and 1980. Specifically, petitioner essentially contends that during the time period at issue, he was an employee and not an independent contractor as determined by respondents. Resolution of this issue requires us to consider the extent of control exercised by the

company over petitioner *(see, Matter of Greene v Gallman,* 39 AD2d 270, *affd* 33 NY2d 778). Particular attention will be given by us to several factors, including whether petitioner was compelled to do all his business through the company *(see, Matter of Kent v State Tax Commn.,* 55 AD2d 727, 729).

The evidence deduced at the hearing in this matter establishes that petitioner worked for Provident pursuant to a career-agent contract which denominated their relationship as one of independent contractor; that Provident trained petitioner and provided him with office space, secretarial help and local phone service; that petitioner was required to report periodically, albeit infrequently, to a supervisor; that Provident provided petitioner with health and pension benefits; that Provident withheld Social Security taxes, but not Federal and State taxes, from petitioner's commissions and did not provide workers' compensation coverage for petitioner; that petitioner was allowed, if not encouraged, by Provident to broker certain insurance with other companies and, indeed, some one third of petitioner's income during the subject years was derived from placements with companies other than Provident; that Provident could reject any sales made by petitioner; that petitioner filed schedule Cs to his Federal income tax returns during the subject years and took deductions for that portion of sales through companies other than Provident; and that Provident issued W-2 statements to petitioner identifying him as a nonemployee.

Many of the enumerated facts could be relied upon to reach opposite conclusions *(compare, Matter of Greene v Gallman, supra, with Matter of Menin v Tully,* 73 AD2d 715). Considering these facts and giving particular attention to the outside business factor delineated above, we are persuaded that respondents' determination must be confirmed. Petitioner was able, if not actually encouraged, to place insurance with companies other than Provident and realized some one third of his income from such sales. These facts distinguish the instant case from those in which a taxpayer who could broker insurance with other companies only after his primary company gave him permission was found to be an employee *(see, Matter of Kent v State Tax Commn., supra; Matter of Gutmann v Tully,* 53 AD2d 751; *Matter of Greene v Gallman, supra).* We conclude that this factor, when taken with all the other facts delineated, provides substantial evidence for respondents' determination. Inasmuch as our review is limited to a consideration of whether respondents' determination is

supported by substantial evidence *(see, e.g., Matter of Howard v Wyman,* 28 NY2d 434), we must confirm.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.