◼ In the Matter of LEONARD FRISHMAN, Petitioner, v. NEW YORK STATE TAX COMMISSION, Respondent.— MEMORANDUM BY THE COURT. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, made after a hearing, which sustained assessments of

unincorporated business taxes under article 23 of the Tax Law for the years 1961 and 1962. Following a hearing, at which petitioner was the only person to testify, respondent determined that petitioner was liable for taxes because he operated an unincorporated business. Article 23 of the Tax Law provides for the taxation of unincorporated businesses for taxable years ending on or after December 31, 1960. Section 703 (all statutory references are to Tax Law) defines an unincorporated business and in subdivision (f) provides that a sales representative "shall not be deemed engaged in an unincorporated business solely by reason of selling goods, wares, merchandise or insurance for more than one enterprise". This subdivision (f) further provides in effect that a multiple representative may be 'deemed an unincorporated business where the individual "maintains an office or who employs one or more assistants or who otherwise regularly carries on a business". The petitioner maintained a showroom, but did not have an office or employ assistants during the years in question. He did, however, represent six principals as a salesman for their products. The petitioner has apparently been under the misconception that subdivision (f) of section 703 is an exemption from the unincorporated business tax (see brief, p. 12) when in fact this portion of article 23 merely limits the factors which may be relied upon to conclude that the individual is self-employed as opposed to being a mere employee of his principals. (Cf. Tax Law, §§ 386, 703, subd. [b]; *Matter of Hardy* v. *Murphy,* 29 A D 2d 1038, 1039.) Upon the present record the control and direction exercised by the alleged employers over the petitioner were not sufficient to *require* a finding of employee. For tax withholding purposes the petitioner was treated by his employers as self-employed and the petitioner himself reported his earnings as a self-employed person. The manner and method in which the petitioner conducted his sales activities indicate that he was an entrepreneur with the alleged employers as his clients and that so much of his subjection to their " beck and call " was merely for the purpose of retaining them as clients. Upon the record in its entirety, we cannot say that the respondent was bound to find the petitioner an employee as a matter of law. (*Matter of Hardy* v. *Murphy, supra.*) Determination confirmed, without costs, and petition dismissed. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by the court.