Jasen, J.
 

 The sole issue presented on this appeal is whether the determinations of the State Tax Commission that petitioner shoe salesman was not an employee of the shoe manufacturer and, hence, was subject to the unincorporated business tax are erroneous as a matter of law.
 

 Petitioner Max Liberman, a resident of New York City, has been engaged in the business of manufacturing, designing and selling children’s shoes for approximately 40 years. Ever since 1940, he has served as a sales representative of the Reider Shoe Manufacturing Company of Schuylkill Haven, Pennsylvania. The latest contract between petitioner and the shoe manufacturer was executed in 1955 and is renewable from year to year. His primary function was to solicit orders for Reider shoes from retail outlets in a territory stretching along the eastern seaboard from Maine to Florida. His efforts accounted for approximately 75% of Reider’s sales. Petitioner worked for Reider exclusively. Secondary responsibilities included the rendition of advice on such matters as shoe design and marketing techniques.
 

 In return for his services, Liberman received a straight commission on the shoe sales that he arranged. On occasion, however, certain accounts he had established would unilaterally be designated "house accounts” by the company and his commission would be terminated. To compensate him for his design and merchandising assistance, the company paid him an additional commission based upon a set percentage of the company’s total monthly sales. He was also entitled to an "override commission” in the event that the company’s total sales for the calendar year exceeded specified levels. Reider deducted both Social Security and disability benefits taxes from the commissions paid to Liberman. The company, however, did not withhold amounts due for Federal or New York State income taxes.
 

 Liberman maintained an office in a New York City building primarily occupied by business concerns active in the shoe industry. The lease for the office space was for a term of two or three years and was in Liberman’s name. Liberman was responsible for payment of the rent, but he and the company
 
 *776
 
 divided the cost of office furnishings. The names of both the company and Liberman are posted in the building directory. The company name appears on the office door with Liberman’s name listed in smaller print as the company representative. The telephone and the office stationery are in Reider’s name.
 

 The nature of the business required Liberman to travel extensively to visit customers and to solicit new business. He spent approximately 35 to 45% of his time outside of New York City. The selection of locations to be visited and the timing of the visits were left primarily to Liberman’s discretion, although, periodically, the company would direct him to visit particular sales areas or customers. This was done to insure that petitioner was covering his assigned territory. All payments from customers are made directly to Reider and all new customers obtained by petitioner must have their credit approved by Reider before orders would be accepted. Liberman was directed to report frequently on his sales activities. The company occasionally required petitioner to concentrate on specific duties, to attend to specific accounts, to emphasize the sale of certain shoe styles and to attend sales meetings and conventions. When Reider selected additional salesmen to work in petitioner’s territory, petitioner was responsible for instructing them.
 

 Reider required that the New York City office be open even when Liberman was traveling out of town. Reider also required that Liberman hire a secretary. Liberman was responsible for selecting the secretary and establishing her rate of compensation and paying her salary. However, when Reider had complaints regarding the secretary’s performance, Liberman would discharge her. The secretary answered the telephone in Reider’s name. Liberman established the office hours, but could not take time off without company permission. Petitioner used the New York office to entertain visiting officers of Reider and to display merchandise to potential customers. However, orders arising from office displays would be credited to other salesmen.
 

 The State of New York imposes a tax upon the income of every unincorporated business wholly or partially carried on within the State. (Tax Law, § 701, subd [a].) An unincorporated business is defined as any trade, business or occupation engaged in by an individual or an unincorporated entity. (Tax Law, § 703, subd [a].) However, "[t]he performance of services
 
 *777
 
 by an individual as an employee * * * of a corporation * * * shall not be deemed an unincorporated business, unless such services constitute part of a business regularly carried on by such individual”. (Tax Law, § 703, subd [b].)
 

 In 1965, petitioner Liberman was found tax deficient for failing to pay unincorporated business taxes for the years 1960 through 1963. Petitioner commenced an administrative proceeding for a redetermination of the deficiency. After a hearing, the State Tax Commission found that "[t]he taxpayer has not carried the burden of proof to show that he is under the direction and control of his principal so as to be an employee rather than independent contractor.” Therefore, the commission determined that the deficiencies were valid and denied the applications for redetermination.
 

 Petitioner brought an article 78 proceeding to review the determinations of the State Tax Commission. The Appellate Division, to which the case had been transferred, annulled the determinations by a divided court. The majority stated that "[w]e are persuaded that Reider exercised all the direction and control that it could realistically be expected to exert under the circumstances to continue petitioner as an employee within the intendment of the Tax Law.” (53 AD2d 766, 767.) Two Justices dissented, taking the view that "[w]here, as here, there are facts or reasonable inferences from the facts to sustain it, the court must confirm the Tax Commission’s determination.” (53 AD2d, at p 767.) We agree with the dissenting Justices that the petitioner failed to carry his burden of establishing his entitlement to a tax exemption. We would, therefore, reverse the judgment of the Appellate Division.
 

 It is well settled that the burden of overcoming a tax assessment rests with the taxpayer. An exemption from taxation "must clearly appear, and the party claiming it must be able to point to some provision of law plainly giving the exemption”.
 
 (People ex rel. Savings Bank of New London v Coleman,
 
 135 NY 231, 234.) Further, the judicial function is limited. "If there are any facts or reasonable inferences from the facts to sustain it, the court must confirm the Tax Commission’s determination. Thus, a determination of the Tax Commission will not be disturbed by the courts unless shown to be erroneous, arbitrary or capricious”.
 
 (Matter of Grace v New York State Tax Comm.,
 
 37 NY2d 193, 195-196; accord
 
 Matter of Young v Bragalini,
 
 3 NY2d 602, 605-606;
 
 People ex
 
 
 *778
 

 rel. Hull v Graves,
 
 289 NY 173, 177.) The courts may not substitute their judgment for that of the Tax Commission "where reasonable minds may differ as to the probative force of the evidence”.
 
 (Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Fin. of State of N. Y.,
 
 39 NY2d 75, 79, cert den 429 US 832.)
 

 There is no dispute as to the standard to be applied in determining whether or not petitioner was an employee, as opposed to an independent contractor. "The distinction between an employee and an independent contractor has been said to be the difference between one who undertakes to achieve an agreed result and to accept the directions of his employer as to the manner in which the result shall be accomplished, and one who agrees to achieve a certain result but is not subject to the orders of the employer as to the means which are used.”
 
 (Matter of Morton,
 
 284 NY 167, 172.) It is the degree of control and direction exercised by the employer that determines whether the taxpayer is an employee. (E.g.,
 
 Matter of Greene v Gallman,
 
 39 AD2d 270, 272, affd 33 NY2d 778;
 
 Matter of Frishman v New York State Tax Comm.,
 
 33 AD2d 1071, mot for lv to app den 27 NY2d 483;
 
 Matter of Hardy v Murphy,
 
 29 AD2d 1038; see 20 NYCRR 203.10; cf.
 
 Matter of Sullivan Co.,
 
 289 NY 110, 112.) "From the nature of the problem the degree of control which must be reserved by the employer in order to create the employer-employee relationship cannot be stated in terms of mathematical precision, and various aspects of the relationship may be considered in arriving at the conclusion in a particular case.”
 
 Matter of Morton,
 
 284 NY 167, 173,
 
 supra.)
 

 Turning to the particular case before us, we conclude that there are sufficient facts in the record and inferences which may reasonably be drawn from the facts to sustain the commission’s determinations that petitioner was not an employee. Liberman was engaged as a sales representative and Reider did not exercise any control over his sales endeavors. Although the company did assert some supervision to assure itself that Liberman was covering his territory and was visiting its substantial customers, Reider did not, and indeed could not have, controlled or regulated the manner in which Liberman attempted to solicit business. Petitioner conducted solicitations of business while traveling on his own, out of town, and his selection of sales approaches was primarily a matter of personal style and discretion.. To be sure, Reider periodi
 
 *779
 
 cally directed that certain styles be stressed in order to guard against cumulations of unsold stock. However, the manner in which customers would be approached and persuaded to purchase was solely within Liberman’s control. In the absence of supervision and control of the sales routine, salesmen do not become employees.
 
 (People ex rel. Feinberg v Chapman,
 
 274 App Div 715, 720; cf.
 
 Matter of Britton v State Tax Comm.,
 
 22 AD2d 987, affd 19 NY2d 613.) "It has consistently been held that salesmen are not employees where they are not subject to direction or control as to the manner in which they are to make sales, by the concerns whose products they sell.”
 
 (Matter of Hardy v Murphy,
 
 29 AD2d 1038, 1039,
 
 supra.)
 

 A second important factor is that petitioner was directly responsible for paying for his own office space and clerical help. (See
 
 Matter of Silver v Gallman,
 
 51 AD2d 633, 634, mot for lv to app den 39 NY2d 1055.) While there is some evidence that one of the purposes of the override commission was to reimburse petitioner for some of his office related expenses, it still remains true that, had his services been terminated by the company, Liberman would have remained personally liable for any unexpired term of the office lease. Moreover, his net income was reduced by the fact that office expenses would have to come out of his total commissions.
 

 Thirdly, Reider failed to withhold income taxes from the commissions paid to Liberman. While this fact would not by itself be dispositive (see
 
 Matter of Lampel v Procaccino,
 
 46 AD2d 966), it is nevertheless significant that petitioner was treated for tax withholding purposes by the company as being self-employed.
 
 (Matter of Frishman v New York State Tax Comm.,
 
 33 AD2d 1071, 1072, mot for lv to app den 27 NY2d 483,
 
 supra;
 
 see
 
 Matter of Britton v State Tax Comm.,
 
 22 AD2d 987, 988, affd 19 NY2d 613,
 
 supra.)
 
 It is also important to note that Reider delegated much to Liberman in order that it might avoid being subjected to taxation in New York.
 

 All of this is not to say that the record would not have supported a contrary conclusion by the agency. However, the scope of judicial review is limited. The courts may intervene only where the determination of the commission is erroneous as a matter of law. We may not substitute our judgment for that of the commission where reasonable minds may differ as to the probative force of the evidence. The record in this case contains sufficient facts to sustain the commission’s determinations and there our review must end.
 

 
 *780
 
 Accordingly, the judgment of the Appellate Division should be reversed, with costs, the determinations of the State Tax Commission confirmed, and the petition dismissed.
 

 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Judgment reversed, etc.