■ In the Matter of Leonard Rosenblum, Petitioner, v James A. Tully, Jr., et al., Constituting the State Tax Commission, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained unincorporated business tax assessments against petitioner imposed pursuant to section 703 of the Tax Law. During the years 1968 through 1973, petitioner Leonard Rosenblum was engaged in selling lingerie for Lisette, a division of Athlone Industries, Inc., and loungewear for Lisanne, Inc., but in connection with these activities he filed no unincorporated business tax returns for the years in question. Subsequently, following a hearing and by decision dated April 27, 1977, the State Tax Commission determined that his activities constituted the carrying on of an unincorporated business and that his income derived therefrom was subject to the unincorporated business tax in accordance with the meaning and intent of section 703 of the Tax Law. As a result, it sustained notices of deficiencies together with interest and penalties totaling $8,980.95 which were issued against petitioner by the Income Tax Bureau. The commission's decision sustaining the notices of deficiencies should not be disturbed. Petitioner's entire income was derived solely from commissions paid on merchandise shipped to his accounts and, although he was on the road for 16 to 20 weeks per year, he was not reimbursed for his traveling or selling expenses. He determined the manner in which he would approach customers and consummate sales and was free to develop new customers. Also, while traveling, he established his own working hours. Upon such a record as this, there is clearly ample evidentiary support for the commission's ruling, and petitioner has failed to demonstrate that the ruling is either erroneous, arbitrary or capricious. Consequently, the petition must be dismissed (cf. *Matter of Liberman v Gallman,* 41 NY2d 774; *Matter of Singer v State Tax Comm.,* 55 AD2d 780; *Matter of Feld v Gallman,* 41 AD2d 882). We decide no other issue. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main and Mikoll, JJ., concur; Herlihy, J., dissents and votes to annul in the following memorandum. Herlihy, J. (dissenting). I disagree with the conclusion that this record has "ample evidentiary support" for the determination and would respectfully submit that upon the record as a whole the determination is both erroneous and arbitrary as well as being without the support of a rational basis. The legal interpretation of the statutes and their effect

upon the level of proof required in this type of case to support the conclusion of the respondents that the unincorporated business tax is applicable to the income producing activities of the petitioner were fully considered in my dissenting opinion in *Matter of Minkin v State Tax Comm.* (60 AD2d 420, 422-426) and I adhere to that interpretation. As noted by the majority in this case, the petitioner's entire income was derived solely from commissions; he was "on the road" from 16 to 20 weeks per year; he was not reimbursed for expenses; he determined his own selling techniques; and, while traveling he established his own working hours. However, the record does not stop with these facts and the commission found that the items he sold were "non-conflicting" and "made to substantially the same customers"; that Lisette Lingerie withheld income taxes and Social Security taxes; and, that when "not traveling, the petitioner reported daily to the New York City offices of Lisette between the hours of 9:00 A.M. and 1:30 P.M. and to Lisanne, Inc. between 2:30 and 5:30 P.M.". The record further establishes that the petitioner had no office of his own or any kind of business indicia as a private entrepreneur. Upon the present record there is a complete absence of any of the indicia of a self-employed person. At the hearing held in this matter, the sole evidence was that the petitioner did not report his income for Federal purposes as self-employment income and accordingly, there is not even a substantial foundation for the initial conclusion of the respondents that he was engaged in self-employment (cf. *Matter of Minkin v State Tax Comm., supra,* p 423). As a final matter, it must be noted that it cannot be said that the record does not establish any control by the employers over the activity of the petitioner. The respondents limited their finding to a failure of "sufficient control and direction" to establish an employee relationship. The determination should be annulled.