■ In the Matter of JERRY BANDER, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment under article 23 of the Tax Law for the years 1965 through 1973. The issue raised by this proceeding is whether respondent's determination that petitioner is not an employee but an independent contractor and thus subject to the unincorporated business tax under section 703 of the Tax Law is supported by substantial evidence. During the tax years in question, petitioner was a salesman carrying several lines of women's apparel. While under a written contract to Russel Taylor, Inc., a manufacturer of fall, fur-like coats, petitioner, (with approval from Russel Taylor) represented several other manufacturers of spring coats. However, the major portion of petitioner's selling time was devoted to Russel Taylor, and a substantial portion of his income for the later years in question was derived from sales of its merchandise. Petitioner was paid a commission based on sales made on the road and to those customers within his assigned territory to whom he personally made sales in the New York City showroom. He was not reimbursed for business expenses incurred while doing outside selling for his several principals. He maintained a room at his home where he kept his samples, order books and business papers; a deduction of one seventh of the operating expenses of the house was taken as a business expense on petitioner's Federal income tax return. He itemized other business expenses, gratuities, entertainment expense and telephone. Subdivision (a) of section 701 of the Tax Law imposes a tax upon the income of unincorporated business wholly or partially carried on within the State. An unincorporated business is defined as any trade, business or occupation engaged in by an individual or an unincorporated entity (Tax Law, § 703, subd [a]). However, "The performance of services by an individual as an employee * * * of a corporation * * * shall not be deemed an unincorporated business, unless such services constitute part of a business regularly carried on by such individual." (Tax Law, § 703, subd [b].) Petitioner vigorously contends that Russel Taylor, Inc., was his employer; he was subject to its direction and control and that therefore the tax in question should not have been imposed. Respondent tax commission concluded that petitioner was not an employee of Russel Taylor, Inc.; he was an independent contractor selling the products of noncompeting firms in the coat and suit industry, none of whom exercised that degree of control and direction requisite to warrant the consideration of petitioner as

an employee within the purview of the Tax Law. It is well-settled that "The courts may not substitute their judgment for that of the Tax Commission 'where reasonable minds may differ as to the probative force of the evidence' " *(Matter of Liberman v Gallman,* 41 NY2d 774, 778). The judicial function is limited; the determination of the tax commission may be annulled only if erroneous as a matter of law. Thus, while petitioner's contention is supported by the fact that sales territory was limited (see *Matter of Greene v Gallman,* 39 AD2d 270, affd 33 NY2d 778); that no sale was final without approval by Russel Taylor, Inc. (see *Matter of Kent v State Tax Comm.,* 55 AD2d 727, 728); and that he was required to attend sales meetings and file frequent reports with Russel Taylor, Inc. (See *Matter of Greene v Gallman, supra),* there was little or no direct supervision and control over the petitioner's sales methods (see *Matter of Manket v State Tax Comm.,* 58 AD2d 708); there was no testimony that the company set specific work hours for him; petitioner took a deduction for the operating expense of his house as a business expense; no taxes were withheld from the commissions paid to him; and petitioner was not reimbursed for his business expenses (see *Matter of Seifer v State Tax Comm.,* 58 AD2d 726, 727). The burden of overcoming a tax assessment rests with the taxpayer *(Matter of Liberman v Gallman, supra).* Upon this record, we are unable to state that petitioner has sustained his burden; the record contains substantial evidence to support respondent's determination *(Matter of Britton v State Tax Comm.,* 22 AD2d 987, affd 19 NY2d 613). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Larkin, Mikoll and Herlihy, JJ., concur.