■ In the Matter of LOUIS DICKSTEIN, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained an unincorporated business tax assessment against petitioner imposed under article 23 of the Tax Law for the years 1968, 1969 and 1970. Petitioner is a ladies handbag salesman deriving approximately two thirds of his income from the sales of products of Jax Handbag Sales, Inc. (Jax), and the balance from two noncompeting lines. He was paid on a straight commission basis without deductions for withholding or Social Security. He provided his own hospitalization and retirement programs. All sales consummated by petitioner were subject to approval by Jax, who also prescribed the territory in which petitioner could operate and what other lines he could represent in that area. In short, petitioner's situation is not unlike the factual pattern presented in *Matter of Liberman v Gallman* (41 NY2d 774), wherein a similar assessment was sustained although there were facts indicating the exercise of a degree of control over the activities of a company sales representative. There, as here, the record could support a contrary conclusion, but that is not the measure of our scope of review. The record contains sufficient facts which, along with the inferences which may reasonably be drawn from them, support the commission's determination. Accordingly, we must confirm *(Matter of Liberman v Gallman, supra).* Petitioner further contends that respondent is bound by a prior determina-

tion of the Unemployment Insurance Appeal Board holding that petitioner was an employee of Jax for purposes of unemployment insurance assessments. Although apparently inconsistent, it is settled law that an administrative determination under one statute is not binding on another agency when the same question arises under another statute (see *Matter of Croshier v Levitt,* 5 NY2d 259; *Matter of Snyder v New York State Employees' Retirement System,* 43 AD2d 871, mot for lv to app den 34 NY2d 519). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.