■ In the Matter of LEONARD POCHTER, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment under article 23 of the Tax Law for the years 1966 through 1972. The issue presented by this proceeding is whether the record contains substantial evidence to support State Tax Commission's determination that petitioner's business activities as an outside commission salesman for two wholesale apparel firms constituted the carrying on of an unincorporated business subject to the unincorporated business tax. During the tax years in issue, petitioner worked as a wholesale salesman of women's apparel for two companies, Imports International, Inc., and Sills and Co., Inc. Both companies paid him a straight commission based upon net sales made to buyers in his assigned territory, but he received from both a weekly draw deducted from his commissions. Each company withheld income taxes, Social Security taxes and disability insurance taxes from petitioner's weekly draw, but no deductions were made from commissions paid in excess of the guaranteed draw. Each company restricted him to carrying just one other noncompeting line, and each required him to spend 50% of his working day in that company's showroom when he was not on the road. Additionally, both companies reserved the right in their employment contracts with petitioner to require him to go on the road to visit customers in his assigned territory of midwestern States for approximately 16 weeks per year. The balance of the year, petitioner worked in the New York City offices of each of the two manufacturers. Sills and Co. required petitioner to be available in the firm's showroom until one o'clock. Import International required him to be available and in the firm's showroom in the latter half of the workday. Petitioner had no employees of his own, nor did he maintain his own office. While on the road, each firm

required him to report daily by telephone concerning his itinerary, sales and plans. When in the firm's showrooms in New York City, he was required to wait on customers, help with correspondence, assist in shipping and service house customers and those from territories other than his own. Petitioner was not a member of an employee pension plan of any of the companies he represented. Salesmen such as petitioner were ineligible for membership with one of the companies, and with the other, petitioner explained that his failure to belong resulted from a heart condition that prevented his obtaining insurance. Petitioner was a member of the Wholesale Apparel Salesmen Local of District 65, Distributive Workers of America, and he was covered for unemployment insurance and disability benefits by both firms. Petitioner paid all his own business and travel expenses, and on his tax returns, he deducted expenses for hotels, meals, samples, entertainment, gifts, baggage charges, transportation charges, telephone, models, auto rentals, sample carriers and postage. The State Tax Commission found that "Neither firm exercised substantial control or supervision over the sales activities or techniques of the petitioner, Leonard Pochter, except to limit the territory in which he could sell." It concluded that petitioner was not an employee of the two firms, but rather was an independent contractor carrying on the business of selling the products of noncompeting firms in the women's apparel industry. Subdivision (a) of section 701 of the Tax Law imposes a tax upon the income of an unincorporated business wholly or partially carried on within the State. An unincorporated business is defined as any trade, business or occupation engaged in by an individual or an unincorporated entity (Tax Law, § 703, subd [a]). However, "The performance of services by an individual as an employee * * * of a corporation * * * shall not be deemed an unincorporated business, unless such services constitute part of a business regularly carried on by such individual" (Tax Law, § 703, subd [b]). Petitioner contends that he was an employee of both firms and that the State Tax Commission's determination to the contrary was arbitrary, capricious and erroneous as a matter of law. It is well settled that the degree of control and direction exercised by the employer determines whether the taxpayer is an employee (*Matter of Liberman v Gallman,* 41 NY2d 774, 778) and that the question is one of fact to be resolved by the State Tax Commission, not the courts (*Matter of Minkin v New York State Tax Comm.,* 45 NY2d 991, 992). Here, the record is barren of evidence that the two firms exercised the supervision and control over the sales routine used by petitioner necessary to make a salesman an employee (*Matter of Liberman v Gallman, supra; Matter of Britton v State Tax Comm.,* 22 AD2d 987, 988, affd 19 NY2d 613). The record contains no proof of specific instances of control over petitioner's method of sales approach by his putative employers (*Matter of Manket v State Tax Comm.,* 58 AD2d 708, 709; *Matter of Cohen v Gallman,* 48 AD2d 754, 755). Moreover, petitioner was free to develop new accounts, was not told when he had to see a particular customer, and he was able to change his travel plans to return to cities already covered to call on customers missed earlier (*Matter of Rosenblum v Tully,* 64 AD2d 735). Petitioner worked on a straight commission basis and was not compensated for his work in the showrooms (*Matter of Feld v Gallman,* 41 AD2d 882, 883) and, finally, he was not reimbursed for his business expenses (*Matter of Seifer v State Tax Comm.,* 58 AD2d 726, 727) which he deducted (*Matter of Bander v State Tax Comm.,* 65 AD2d 847). We, therefore, conclude that although the commission could have justifiably concluded that petitioner was an employee (see *Matter of Liberman v Gallman, supra,* p 779; *Matter of Bander v State Tax Comm., supra),*

the determination is not erroneous as a matter of law since petitioner has not met his burden of overcoming the tax assessment *(Matter of Liberman v Gallman, supra; Matter of Bander v State Tax Comm., supra; Matter of Rosenblum v Tully, supra)*. We have examined the first point raised in petitioner's brief and find it unpersuasive (see *Matter of Minkin v New York State Tax Comm., supra,* p 992). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.