■ In the Matter of PAUL BURGER, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which found petitioner liable for unincorporated business taxes for the years 1963 through 1971. During the years 1963 through 1971, petitioner was a salesman of women's handbags for at least two companies, and in the determination challenged herein the State Tax Commission found that the firms for which he sold merchandise did not exercise the degree of control and direction over his activities necessary to warrant his being considered an employee within the meaning and intent of the Tax Law. Accordingly, the commission held that petitioner's sales activities constituted the carrying on of an unincorporated business and that his resultant income was subject to the unincorporated business tax under section 703 of the Tax Law. We hold that the commission's determination should be confirmed. Clearly, the commission applied the appropriate standard of law in concluding that it was the degree of control and direction over petitioner's activities actually exercised by the employer that determined petitioner's tax status (see *Matter of Liberman v Gallman,* 41 NY2d 774), particularly where, as here, petitioner sold merchandise for more than one company (see 20 NYCRR 203.14 [d] [1]). Moreover, evidence in the record indicates that petitioner was paid on a straight commission basis, that he was not covered for unemployment insurance and had no pension or retirement plan or employment contract, that he had at least some control over the allocation of his time in pursuing sales for the various companies and that the companies did not withhold Federal or New York State income taxes or Social Security tax from the commissions paid to petitioner. Such being the case, even though other evidence in the record might suggest that petitioner should have been considered an employee, there was plainly substantial support and a rational basis for the commission's contrary conclusion, and, therefore, it should not be disturbed (cf. *Matter of Dickstein v State Tax Comm.,* 67 AD2d 1033). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Mikoll and Herlihy, JJ., concur; Main, J., not taking part.