■ IRWIN FEINER, Appellant, v NEW YORK STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (tranferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which held petitioner liable for the payment of unincorporated business taxes for the years 1967 through 1973. During the years 1967 through 1973, petitioner was engaged in numerous income producing activities. At various times he worked as a salesman, as a dress designer and consultant and as a horseman, and the State Tax Bureau determined that his income from these activities was subject to the unincorporated business tax. Dissatisfied with the tax bureau's determination, petitioner sought and was granted a hearing thereon before respondent State Tax Commission after which respondent modified the tax bureau's rulings by holding that petitioner's income as a dress designer and consultant during 1968 and 1969 was not subject to the unincorporated business tax. Respondent otherwise sustained the tax bureau's determination, and this proceeding ensued. We hold that respondent's determination should be confirmed. In this proceeding, petitioner challenges that determination only insofar as respondent found that petitioner's income as a dress designer and consultant during the years 1970 through 1973 was subject to the unincorporated business tax, and it is well settled that the degree of control exercised by the employer determines whether or not a

taxpayer is an independent contractor whose income is subject to the tax or an employee whose income would be exempt therefrom *(Matter of Liberman v Gallman,* 41 NY2d 774). Here, during the period 1970 through 1973, petitioner worked contemporaneously as a dress designer and consultant for three to five corporations, and since none of these employers exercised supervision and control over his work activities, he was free to allocate his time and effort amongst his principals as he saw fit. Under these circumstances, it was clearly reasonable for respondent to conclude that petitioner was functioning as an independent contractor, and its determination of this question should accordingly not be disturbed. Moreover, respondent could likewise reasonably and logically conclude that petitioner's income as a dress designer and consultant during 1968 and 1969 was earned as an employee, and, therefore, exempt from the unincorporated business tax. Such a ruling is justified because in those two years petitioner worked as a dress designer and consultant exclusively for one employer in each respective year, and, therefore, the situation was different from the later years when petitioner was dividing his time and effort among three or more employers (see 20 NYCRR 203.10 [b]). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.