■ In the Matter of JOSEPH SCHRADER et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission

which upheld an assessment of unincorporated business tax on the ground that gain on condemnation of farm land is subject to unincorporated business tax. Bertha Schrader and her son and daughter-in-law, Joseph and Helen Schrader, owned two parcels of land in Victor, New York, since 1959 as joint tenants. Previously, it had been owned by John Schrader who deeded it to Bertha Schrader, his wife, in 1956 and she, in turn, to herself and the petitioners. In 1965, the State of New York condemned the property consisting of two parcels, one of approximately 3 acres and the other of 19 acres. The respondent seeks to collect unincorporated business tax, pursuant to the Tax Law, from petitioners, Joseph and Helen, for one of the two parcels on the ground that they were conducting a farming business on this property prior to condemnation. Bertha Schrader died on May 26, 1972 and the claim against her abated. Subdivision (a) of section 703 of the Tax Law defines unincorporated business as "any trade, business or occupation conducted, engaged in or being liquidated by an individual or unincorporated entity, including a partnership". Subdivision (e) of section 703 states "An owner of real property, a lessee or a fiduciary shall not be deemed engaged in an unincorporated business solely by reason of holding, leasing or managing real property." Petitioners seek to benefit from the exemption provided for in subdivision (e) of section 703. They contend that the property held by them was not farmed by them and, therefore, not taxable. To qualify for an exemption, the burden is on the taxpayer to show that he comes within the statute granting the exemption *(Matter of Grace v State Tax Comm.,* 37 NY2d 193). If the determination by the State Tax Commission is supported by any facts or reasonable inferences from the facts, it must be confirmed *(Matter of Liberman v Gallman,* 41 NY2d 774). Petitioners have taken contrary positions as to their tax liability, casting much doubt on their belated contention that the land in issue was not farmed by them at all. At the October 19, 1976 hearing, their counsel opined that the State, in attempting to tax them, must be proceeding under section 703 of the Tax Law on the theory that the sale of the land was a liquidation of their business. He then averred that the Schraders did not terminate or liquidate their business, but that they bought a farm at another location and continued to do business on their farm as they were doing before the State condemned their property. Since there was no liquidation of a business, he argued that there was no tax due. The respondent, at the same proceeding, indicated that a tax was owing because petitioners had realized a capital gain which is taxable under subdivision (a) of section 705 of the Tax Law. After the offer of proof of continuation in the farming business was disallowed by the hearing officer as irrelevant to the proceedings, the petitioners for the first time, in March, 1977, contended that they were tax exempt because the land in question was not farmed by them and that they had farmed on the adjoining property of their neighbor. The petitioners' reply to tax authorities' inquiries as to use of the land is also in contradiction to their later position. Their accountant stated, on their behalf, that the land in question was used for a personal residence and a farm. Petitioners' own reference to their property as a farm in letters to government officials is at cross purposes with their present stance, that the land was allowed to lie fallow. The State Tax Commission found that the taxpayers have failed to meet their burden of proving that they are entitled to an exemption from the unincorporated business tax. On this record we conclude that there is substantial evidence to support this finding. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.