In the Matter of GEORGE ROBBINS, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78

(transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent New York State Tax Commission, which held petitioner liable for unincorporated business taxes for the years 1968 through 1973 pursuant to article 23 of the Tax Law. During the period at issue herein, petitioner was a wholesale salesman of women's apparel for two noncompeting companies, Sally Gee, Inc., and Kadet Kruger, Inc., and while he filed New York State income tax returns for the years in question, 1968 through 1973, he did not file unincorporated business tax returns for those years. After the Tax Commission had ruled in two determinations that petitioner was subject to the unincorporated business tax for the years in question, petitioner filed applications for redeterminations of his alleged unincorporated business tax deficiencies on the ground that he was an employee of Sally Gee, Inc., and, therefore, not subject to the unincorporated business tax on his Sally Gee earnings. Following a hearing on September 27, 1977, the commission ruled that petitioner's selling activities constituted the carrying on of an unincorporated business, and, therefore, the notices of deficiency which had been issued against petitioner for unincorporated business taxes were sustained. This proceeding ensued. We hold that the commission's determination should be sustained. There is evidence in the record that petitioner was paid for his work on a straight commission basis and that he spent approximately 100 days per year on the road selling his wares during which time he had to pay his own expenses. He even paid personally for advertising for his merchandise, and he took deductions on his tax returns for his business expenses (cf. *Matter of Bander v State Tax Comm.*, 65 AD2d 847). Additionally, he conceded that he maintained office space in his home where he did correspondence and clerical work, made business telephone calls and had a typewriter and filing space. Under these circumstances, even conceding the presence of other evidence that might suggest an employer-employee relationship between Sally Gee, Inc., and petitioner, there is clearly substantial evidence to support the commission's determination that petitioner's activities constituted the carrying on of an unincorporated business and, accordingly, that his earnings were subject to the unincorporated business tax. That being so and the scope of our review being limited, the commission's determination should be sustained (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176; *Matter of Liberman v Gallman*, 41 NY2d 774). Determination confirmed and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Casey, JJ., concur.