■ In the Matter of ANNE FORD, Individually and as Natural Parent of BRIAN FORD, an Infant, Appellant, v TOWN OF GUILDERLAND, Respondent. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered June 17, 1980 in Albany County, which denied petitioner's application for leave to serve a late notice of claim. Order affirmed, without costs (see *Matter of Ford v Town of Guilderland,* 85 AD2d 868). Mahoney, P. J., Kane, Main, Mikoll and Weiss, JJ., concur.

■ In the Matter of LEONARD GAINES, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment under article 23 of the Tax Law for the years 1966 through 1971. Petitioner was a salesman of women's apparel for noncompeting companies during the years 1966-1971. The respondent State Tax Commission concluded that petitioner was subject to an unincorporated business tax for those years, and this proceeding seeking to annul that determination ensued. The issue raised by this proceeding is whether the Tax Commission's determination that petitioner was not an employee but an independent contractor and thus subject to the unincorporated business tax is erroneous as a matter of law, arbitrary or capricious. The record demonstrates that petitioner spent approximately one half of each year on the road selling his wares, during which period he had to pay his own expenses. Petitioner even paid personally for advertising his merchandise, and he took deductions on his tax returns for all his business expenses. The record further demonstrates that petitioner maintained office space in his home for which he took a business deduction. Also, during the period in question, petitioner reported for income tax purposes a total of $62,600 as wages while reporting approximately $458,000 as miscellaneous income from his activities as salesman. Withholding for Social Security and Federal and State taxes was only taken from the income denominated as wages. The burden of overcoming this tax assessment rests with petitioner (*Matter of Minkin v State Tax Comm.,* 60 AD2d 420, affd 45 NY2d 991). In addition, it is well established that this court's review is limited since we may not substitute our judgment for that of the Tax Commission "where reasonable minds may differ as to the probative force of the evidence" (*supra,* at p 422; see, also, *Matter of Liberman v Gallman,* 41 NY2d 774, 778). Applying these principles to the present case, we are unable to conclude that the Tax Commission's determination is erroneous and, accordingly, we must confirm (see *Matter of Robbins v New York State Tax Comm.,* 79 AD2d 805; *Matter of Bander v State Tax Comm.,* 65 AD2d 847). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.