■ In the Matter of JAMES R. SLOTE, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment imposed under article 23 of the Tax Law. This transferred article 78 proceeding raises the issue concerning petitioner's employment status with the Mutual Benefit Life Insurance Company. Petitioner began working as a soliciting agent for Mutual Benefit in 1953. In 1969, petitioner incorporated and sold both insurance and tax shelters under the corporate identity. While commissions and other earnings generated from new sales after January 1, 1969 were assigned to the corporation, petitioner continued to report renewal income received after January 1, 1969 from sales completed prior to that date as individual income. Respondent contends that petitioner worked as an independent contractor and that individual income received by petitioner for 1969 and 1970 was subject to the unincorporated business tax. A notice of deficiency of $3,460.82 for those years was issued and ultimately sustained by respondent following a hearing. Petitioner, on the other hand, argues that his activities as a full-time insurance agent did not constitute an unincorporated business, but were instead performed as an employee of Mutual Benefit. Respondent's determination in this matter should be upheld. While it cannot be said that the record is without indicia of control which would have supported a contrary conclusion by respondent, the finding that petitioner was engaged in an unincorporated business is supported by substantial evidence. Petitioner's written contract with Mutual Benefit specifically allowed him to exercise his own judgment concerning the time, place and manner of soliciting sales. Thus, although petitioner's activities were limited to a specific territory, the manner in which customers would be approached and persuaded to purchase insurance was solely within petitioner's control (see *Matter of Liber-*

*man v Gallman,* 41 NY2d 774, 779; *Matter of Pochter v State Tax Comm.,* 70 AD2d 972). Further circumstances supporting respondent's determination were petitioner's payment on a straight commission basis, his duty to furnish a fidelity bond, and the company's failure to withhold taxes, give petitioner a paid vacation, or provide him with a car. Accordingly, since petitioner has failed to clearly demonstrate his exemption from the unincorporated business tax, respondent's determination must be confirmed since it is not erroneous, arbitrary or capricious (see *Matter of Liberman v Gallman, supra,* pp 777-778). Petitioner's attempt in this proceeding to argue that only a portion of his unincorporated business income should be allocated to New York State has not been considered since this issue was not raised at the hearing conducted by respondent (see *Matter of Malkin v Tully,* 65 AD2d 228, 230). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.