OPINION OF THE COURT
Beatrice Shainswit, J.
Both plaintiffs and defendants move for summary judgment in this action for declaratory judgment.
At issue is whether parking charges at the Lincoln Center parking garage are subject to sales tax imposed by subdivision (c) of section 1107 of the Tax Law, as defendant State Tax Commission has ruled.
The parties are in agreement, after extensive discovery, that no factual issues are in dispute, and that the action is ripe for summary judgment. Defendants have expressly waived certain procedural defenses and placed the principal issue in controversy before the court.
Whether or not the parking charges are subject to sales tax is dependent upon the nature of the relationship between the two parties, Lincoln Center and Edison Hamilton Corporation. Concededly, Lincoln Center is not subject to sales tax on charges, pursuant to section 1116 (subd [a], par [4]) of the Tax Law. The question therefore is whether Lincoln Center or plaintiff Edison, a private profit-making corporation, is the real vendor of the parking facilities.
*330 Plaintiff Lincoln Center was given a license to operate the garage in question by the City of New York in 1971, and the license was renewed in 1977. Edison and Lincoln Center entered into two separate consecutive contracts in connection with the operation of the garage. The second contract was drafted after the controversy over the collection of sales tax developed.
Plaintiffs contend that Edison is merely a manager or agent to assist in the operations of the parking facility, and that real control and incidents of ownership are exercised by Lincoln Center. Under the first contract, however, at least a portion of the remuneration paid Edison was based upon a percentage of gross receipts. Additionally, Edison was obligated, under the first agreement, to collect New York City sales tax on parking receipts. Under the second agreement the payment to Edison of a percentage of gross receipts was eliminated and replaced by a percentage of the costs of operation. The second agreement also provided for the collection of the parking tax only “if such taxes are payable with respect to the garage”.
There is no question that, under both agreements, Lincoln Center controls over Edison include the following:
1. Lincoln Center sets fees and operating hours;
2. Lincoln Center can fire parking employees;
3. Expenditures in excess of $500 are subject to prior approval of Lincoln Center;
4. Lincoln Center supplies the equipment for the garage;
5. Lincoln Center purchases the insurance required;
6. All policy decisions are made by Lincoln Center.
On the other hand, the Attorney-General, on behalf of defendants, points out that:
(a) Edison bears the financial responsibility for its employees’ negligence, whereas Lincoln Center is responsible for negligence by Lincoln Center or any of its agents, servants or employees;
(b) Edison in fact does all its own hiring and firing, and in 10 years only one garage employee has been discharged at Lincoln Center’s direction;
*331 (c) Edison selects its own insurance carrier and negotiates insurance rates, and is responsible for obtaining and maintaining insurance;
(d) The licenses to operate the garage were issued in the names of Edison and not Lincoln Center, and the same is true of parking tickets issued to customers, as well as violations pursued by government agencies arising from the garage operation; and
(e) Parking at the garage is open to anyone, regardless of whether he is an employee or a visitor at Lincoln Center, and in fact nearly 75% of the customers on four out of five weekdays have no connection whatsoever with Lincoln Center.
In short, it is defendants’ position that, although Lincoln Center sets general policies, Edison enjoys “considerable latitude in determining the manner of * * * achievement and implementation” of the results and policies established by Lincoln Center.
In the first instance it is the task of the State Tax Commission to make the initial determination. The test-for judicial review is not whether the court would have made a different determination if it were sitting as the Tax Commission, but rather whether the commission’s view rests on an adequate and rational basis and cannot be viewed as arbitrary or capricious. (See Matter of Liberman v Gall-man, 41 NY2d 774.)
On this record the commission’s view is rational. There is lacking in this case the totality of control which would make Edison merely an operating extension of Lincoln Center. It is an independent corporation; it has its own investors; it distributes its own profits; it files its own tax returns; and it operates various other parking facilities throughout the city. The fact that the Lincoln Center facility was dealt with in a closely negotiated lease, and that the lease may even have been designed to avoid sales tax on the parking services, does not alter the fact that Edison and Lincoln Center dealt with each other at arm’s length, and that it would be anomalous to treat either entity as an alter ego or clone of the other.
*332 Accordingly, the court determines that the parking service at the garage in Lincoln Center, being offered by Edison to whatever members of the public choose to avail themselves of the parking facilities, are subject to sales tax. Settle a judgment providing for findings and the provision of a declaratory judgment establishing the rights and relations of the various parties and their duties to respectively pay or receive the sales tax, consistent with the foregoing.