In the Matter of MAXWELL J. WORTMAN, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which held

petitioner liable for unincorporated business taxes for the years 1971 through 1974 pursuant to article 23 of the Tax Law. During the years 1971 through 1974 petitioner worked as a salesman of ladies' sportswear for two manufacturers thereof, Madison Sportswear and Wardrobe Makers, who were apparently merged into one entity in 1974. Petitioner and his wife filed New York State income tax returns for the years at issue, but petitioner did not file an unincorporated business tax return for any of those years. Subsequently, on February 24, 1975, respondent issued a notice of deficiency against petitioner imposing unincorporated business taxes for the years 1971, 1972 and 1973 in the sum of $5,321.73 plus interest. A second notice of deficiency issued on February 3, 1976 imposed unincorporated business taxes for 1974 on petitioner in the sum of $1,439.23 plus interest. Petitioner thereafter timely filed petitions for redeterminations, and following a hearing respondent sustained both notices of deficiency. The instant proceeding ensued, and we hold that the challenged determination should be confirmed. Concededly, petitioner was paid on a straight commission basis during the years in question and was not reimbursed by his principals for business expenses. His principals likewise did not deduct income or Social Security taxes from petitioner's commissions or provide petitioner with health and hospitalization coverage or coverage for workers' compensation, unemployment or disability benefits. Additionally, petitioner maintained an office in his home for the conduct of his business and deducted many business expenses on his income tax returns, and he contributed to his own retirement plan. He also developed his own individual sales approach in dealing with potential customers and admittedly did some work for other companies for which he was compensated. Given these circumstances, even though there is other evidence suggesting an employer-employee relationship between petitioner and Madison Sportswear and Wardrobe Makers, substantial evidence clearly supports respondent's determination that petitioner's activities constituted the carrying on of an unincorporated business and that his earnings were, accordingly, subject to the unincorporated business tax. Such being the case, the subject determination should not be disturbed (cf. *Matter of Robbins v New York State Tax Comm.*, 79 AD2d 805). Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.