◼ In the Matter of FLAH'S OF SYRACUSE, INC., Petitioner, v JAMES H. TULLY, JR., et al., Constituting the New York State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Tax Commission imposing certain sales and use taxes upon petitioner pursuant to articles 28 and 29 of the Tax Law. Petitioner Flah's of Syracuse, Inc., is a retailer of clothing and related accessories, and at issue in the present proceeding are various improvements made during the period 1973 through 1975 at three of petitioner's retail outlets located in Baldwinsville, Utica and De Witt, New York. Each of the three stores was located on leased premises, and the improvements made thereafter basically involved the construction of perimeter walls with other improvements, such as lighting, mirrors and wall racks, affixed thereto. Based upon an audit of petitioner's books which revealed that petitioner had not paid sales taxes on the sums expended for the subject improvements, the Sales Tax Division of the Department of Taxation and Finance issued a notice of determination of additional sales and use taxes due from petitioner in the amount of $28,519.91, plus interest and penalty of $12,063.03, for a total of $40,582.94. At petitioner's request, a hearing was then held on this matter after which, by decision of November 28, 1980, respondent concluded that the additions and modifications to the stores in question were not capital improvements exempt from sales tax, but rather were purchases of tangible personal property and services subject to tax under section 1105 (subds [a], [c]) of the Tax Law. Accordingly, respondent sustained the notice of determination with two modifications, deleting an error made in the audit wherein an invoice was counted twice, and reduced the penalty and interest due to the minimum. The instant proceeding followed, and we initially consider a motion by respondent to vacate the filing of an *amicus curiae* brief by the New York State Bankers' Association on the ground that the brief contains among its appendices three documents which are not a part of the record on appeal. Two of the documents in question, a memorandum from the Tax Department to its auditors regarding the decision by respondent in this case and a form of a store and office lease, are obviously evidentiary in nature, and, therefore, since they are not part of the record on appeal, they will not be considered by this court in this proceeding. The third document, a report of the New York State Bar Associa-

tion on the subject matter at issue here, is not evidentiary in nature and could have been researched by the court on its own. That being so, it along with the *amicus curiae* brief may be considered by the court in this proceeding. Turning to the merits of this proceeding, we find that the central question presented is whether or not the additions to and modifications of petitioner's stores, other than movable trade fixtures and furniture, constituted capital improvements which would be exempt from the sales and use tax. Under the settled case law in this area, the pertinent criteria to consider in deciding this issue include the permanency of the affixation of the improvements to the related realty, whether the improvements can be readily removed without damage to them or the realty, and whether the improvements were intended as permanent installations (see *Matter of Consolidated Edison Co. of N.Y. v City of New York,* 44 NY2d 536; *Matter of Building Contrs. Assn. v Tully,* 87 AD2d 909). Applying these criteria in the present instance, we hold that the additions to and modifications of the stores clearly were capital improvements. Respondents' own findings of fact in its challenged determination were to the effect that the improvements were so bolted and otherwise permanently affixed to the realty that they could not be removed without substantial damage to them. Additionally, respondent further found in the determination that, pursuant to petitioner's leases, title to the impovements vested in petitioner's landlords immediately upon their installation with the improvements to become part of and remain in the premises, thereby establishing that the improvements were intended as permanent installations. Given these undisputed factual findings of respondent and considering the relevant case law cited above, we can only conclude that respondent's determination that the improvements were purchases of tangible personal property and services subject to the sales tax is arbitrary and capricious and erroneous as a matter of law and unsupported by substantial evidence. That being so, the determination must be annulled (*Matter of Liberman v Gallman,* 41 NY2d 774). Lastly, we emphasize that, even applying the rule of law contained in *Matter of 100 Park Ave. v Boyland* (144 NYS2d 88, affd 309 NY 685) upon which respondents relied in making its ruling, the same result must follow. In pertinent part, it was stated in the decision in that case that: "Unless a contrary intention is expressed, the Law will presume that where installations are made for the purposes of conducting the business for which premises are leased, such installations are not permanent annexations to the freehold, but are made for the sole use and enjoyment of the tenant during the term of his lease, and not for the purpose of enhancing the value of the landlord's estate" (*Matter of 100 Park Ave. v Boyland,* 144 NYS2d 88, 93, *supra*). As noted above, a clear "contrary intention" that the improvements in petitioner's stores were to be permanent annexations to the various freeholds involved is expressed in the leases between petitioner and the owners of the three leased premises. Determination annulled, with costs, and matter remitted to respondent State Tax Commission for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.