■ In the Matter of PETER V. MILLER, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax assessment under article 23 of the Tax Law for the years 1966 through 1972. During the years 1966 through 1969, petitioner was engaged as an associate odd-lot broker by Carlisle & Jacquelin and during the years 1970 through 1972 by a successor firm, Carlisle, De Coppet & Co. The record reveals that petitioner was a member of the New York Stock Exchange; that he was paid on a commission basis; that he did not participate in the profits or losses of the firm; that Federal, State and Social Security taxes were not withheld from the sums paid to petitioner; that self-employment taxes were paid by petitioner and in certain years he filed Federal Schedule "C"; and that while certain expenses of petitioner were reimbursed by the firm, he took substantial miscellaneous business deductions on his Federal income tax returns. While petitioner was required to work specific hours, respondent determined that he fully utilized his experience, business acumen and good judgment in deciding to whom stock should be sold and from whom purchased and in maximizing the profits which would enure to the firm and to him. Respondent concluded that petitioner was an independent contractor and subject to the unincorporated business tax for the years 1966 through 1972. The present proceeding seeking to annul that determination ensued. Petitioner has the burden of overcoming this tax assessment and, where reasonable minds may differ as to the probative force of the evidence, this court's judgment may not be substituted for that of the Tax Commission (*Matter of Gaines v New York State Tax Comm.,* 85 AD2d 869). While there was evidence presented which would support a contrary finding, a review of the record leads to the conclusion that respondent's determination is supported by substantial evidence (see *Matter of Slote v Tully,* 86 AD2d 704; *Matter of Robbins v New York State Tax Comm.,* 79 AD2d 805). Upon consideration of the record in the present case, we are unable to say that petitioner was an

employee as a matter of law and, therefore, the determination must be confirmed (*Matter of Pearl v State Tax Comm.*, 69 AD2d 967). Petitioner has also failed on the present record to demonstrate reasonable cause for his failure to file and pay the unincorporated business taxes and, accordingly, respondent's imposition of penalties pursuant to subdivision (a) of section 685 of the Tax Law was proper (see *Matter of McCauley v State Tax Comm.*, 67 AD2d 51). We have examined petitioner's remaining arguments and find them unpersuasive. Consequently, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.