■ In the Matter of GEORGE L. DOUBLIER, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's claim for a refund of unincorporated business taxes for the year 1969. The single issue presented is whether this record provides substantial evidence to sustain the determination of the State Tax Commission that petitioner's activities during 1969 constituted the carrying on of an unincorporated business so as to subject his income therefrom to unincorporated business taxes. Petitioner had been associated with the firm of De Coppet and Doremus (De Coppet), odd-lot brokers, for many years until 1954 when he purchased, with his own funds, a seat on the New York Stock Exchange. Thereafter, he entered into a new relationship with the De Coppet firm whereby, according to the letter of agreement, he would operate "as an independent associate broker and an expert consultant, and not as an employee". The record reveals that in his new capacity with the firm petitioner was assigned a "book" of issues with which to trade. In selling and purchasing odd-lot orders he was required to utilize his own experience, judgment and expertise and within his assigned area he made the decisions as to sales and purchases and acted independently. For this activity petitioner received commissions from which no deductions for Federal, State or Social Security taxes were withheld. Neither the guidelines provided nor De Coppet's rules as expressed in its manual prevented petitioner from exercising his own independent judgment within the assigned area. Respondent determined that petitioner was engaged as an independent contractor and, therefore, was subject to the payment of unincorporated business tax. Of pivotal concern in resolving the issue of whether a taxpayer is an employee or independent contractor for purposes of imposing the unincorporated business tax is the amount of direction and control exercised over the taxpayer (*Matter of Liberman v Gallman,* 53 AD2d 766, revd on other grounds 41 NY2d 774; *Matter of Gutmann v Tully,* 53 AD2d 751). While at bar there are some indicia of administrative control, none exists in the area of his pursuit of the purposes for which he was engaged, i.e., his expertise in negotiating purchases and sales in the odd-lot market. In a case involving an identical job description and a very similar factual pattern, we have held the petitioner to be subject to the unincorporated business tax (*Matter of Miller v State Tax Comm.*, 94 AD2d 841). We adopt the reasoning and authorities stated and cited therein in holding petitioner subject to the tax. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.