■ In the Matter of ROBERT L. TINKLER, Petitioner, v RODERICK G. W. CHU et al., Constituting the State Tax Commission, Respondents. — Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Tax Commission which sustained an unincorporated business income tax assessment imposed under Tax Law article 23.

Petitioner challenges a May 1980 notice of deficiency issued against him by the State Department of Taxation and Finance which asserted that unincorporated business income taxes were

payable for the years 1975 through 1978. The predicate for the assessment was that his employment relationship with New England Mutual Life Insurance Company (hereinafter New England) was that of an independent contractor rather than an employee.

During the years at issue, petitioner was an agent with the Nadel Agency, New England's regional general agent, and also managed Robert L. Tinkler Associates, Inc. (Tinkler Associates), a property and casualty insurance agency founded by him in 1968. From the latter office he transacted both Tinkler Associates and New England business, and certain office expenses incurred in connection with ministering to New England's accounts were reimbursed. On applications for life insurance New England had the right of first refusal; petitioner was, however, free to place policies which New England refused or did not handle with other insurers. Petitioner's contract with New England included the following provision:

"The Agent shall be free to determine for himself the time, place and manner for the solicitation of applications for policies, but so far as is consistent with such freedom, shall conform to the rules of the Company and of the General Agent in the conduct of business.

"Nothing contained in this contract shall be construed to create the relationship of employer and employee."

The record also discloses that petitioner went to the general agent's office about once a week and, while there, had the use of a desk, telephone, stenographic services and supplies; that the general agent supervised petitioner; that petitioner met regularly with an immediate supervisor to set production goals and standards; and that attendance at agency meetings was expected of petitioner. Withheld from petitioner's Tinkler Associates earnings were Federal, State and Social Security taxes; only the latter were withheld from petitioner's New England income.

The Tax Commission concluded that petitioner's earnings from New England were subject to the unincorporated business income tax. Because his services for Tinkler Associates were so interrelated with his unincorporated business, petitioner's income from Tinkler Associates was also included in the assessment. This proceeding challenging that determination followed.

At the outset, we note that the Tax Commission's conclusion that the Statute of Limitations on the assessment for 1976 was not tolled has a rational basis in the record, namely, credible evidence that petitioner had also neglected to file an unincorporated business income tax return for that year.

There is also substantial evidence in support of the Tax Commission's decision on the merits. As for petitioner's relationship with New England, *Matter of Howes v Chu* (107 AD2d 874) is controlling. That case, on facts and a written employment contract comparable to those presented here, involved even greater supervision over the taxpayer by the insurance company, more company benefits and more intense interaction between the employer and the taxpayer, and an assessment of the unincorporated business income tax was upheld (*see also, Matter of Liberman v Gallman,* 41 NY2d 774, 779).

The Tax Commission's rationale for including petitioner's income from Tinkler Associates in the deficiency is equally persuasive. Petitioner's own testimony revealed the material intertwining of Tinkler Associates' business with that of New England. The same office, telephones, salespersons and supplies served both operations. Indeed, an allocation of expenses between the two businesses was, in petitioner's own words, "difficult to determine" and involved "an arbitrary decision". The record thus justifies the Tax Commission's conclusion that petitioner's services for Tinkler Associates "were so interrelated and integrated with his unincorporated business as to constitute part of the unincorporated business regularly carried on by him".

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.