■ In the Matter of 50 WEST 23RD ASSOCIATES, Petitioner, v CITY OF NEW YORK DEPARTMENT OF FINANCE et al., Respondents.—Determination of respondent Commissioner of Finance of the City of New York, dated March 25, 1988, which assessed a real property transfer tax deficiency in the amount of $77,933.16, including interest and penalties, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County, Myriam Altman, J., entered Dec. 11, 1989) unanimously dismissed, without costs.

This matter arises out of the transfer of the ownership of real property located at 48-62 West 23rd Street and 37-51

West 22nd Street. On June 14, 1982, one day before the scheduled closing, petitioner, the then-owner of the property, entered into an agreement with the prospective purchasers, Tengran Company and Seabank Group (the grantees). Pursuant to this agreement, six mortgages recorded against the property, aggregating $4.3 million and held by Bankers Trust, were consolidated along with a $350,000 purchase-money mortgage which the grantees agreed to assume. The agreement further provided that petitioner was the "holder" of these mortgages despite the fact that Bankers Trust's mortgages were not assigned to petitioner until the following day.

On June 15, 1982, petitioner transferred title to these properties to the grantees in return for $10,650,000, consisting of $6 million in cash, the $350,000 purchase-money mortgage, and the assignment of the $4.3 million consolidated mortgage containing a provision precluding merger of the mortgage with the fee interest.

The law provided that for deeds delivered during a five-month transitional period, February 1, 1982 to July 1, 1982, concerning the phasein of the change in the rate of the real property transfer tax from 1% of net consideration to 2% of gross consideration, liens which existed before the transfer and remained on the property after the transfer were taxed at 1%. The balance of the consideration was to be taxed at a rate of 2%. (Administrative Code of City of New York § 11-2102 [a] [4].) The Administrative Code defines net consideration as "[a]ny consideration, exclusive of any mortgage or other lien or encumbrance on the real property or interest therein which existed before the delivery of the deed and remains thereon after delivery of the deed." (Administrative Code § 11-2101 [10].)

After petitioner paid a real property transfer tax based upon the lower transitional rate, respondent issued a notice of deficiency to petitioner on the ground that a mortgage assigned by one holder to a new holder is not deductible in computing the "net consideration" subject to the real property transfer tax. At the conclusion of a statutory hearing, the Hearing Officer upheld the agency's position.

The Hearing Officer's findings that the liens in question were placed on said property in connection with its sale so as to make it ineligible to be taxed at the transitional tax rate are neither irrational nor unreasonable (see, Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459). The lien that survived the closing was not "pre-existing" within the meaning of the Administrative Code inasmuch as the debt was materially

altered, as the maturity date was extended and the interest rate changed. Petitioner failed to overcome its burden of disproving the correctness of the tax assessment on this basis. *(See, Matter of Liberman v Gallman,* 41 NY2d 774, 777.) Under the instant circumstances, petitioner held both the fee and the mortgages simultaneously. Although the assignment document contained nonmerger language, the assignment, as a practical matter, obliterated the mortgage obligations. Accordingly, the $4.3 million of liens did not qualify as preexisting or surviving the transfer *(see, Matter of Park Ten Assocs. v City of New York Dept. of Fin.,* 136 AD2d 307, 313, *mod on other grounds* 74 NY2d 628) and the respondent appropriately taxed the petitioner at the 2% rate. Concur—Kupferman, J. P., Kassal, Ellerin and Wallach, JJ.