■ In the Matter of RAYMOND E. DIANA, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for redetermination of a deficiency or for refund of unincorporated business tax under article 23 of the Tax Law for the years 1968, 1969 and 1970. The petitioner served as a consultant, representative and negotiator in the field of labor relations between labor organizations of public employees and their governmental employers during the years 1968, 1969 and 1970. His services included research, preparation of briefs, statements and news releases and testimony as an expert witness in court and in labor mediation, arbitration and fact-finding proceedings. He contends that his work constituted a profession and he is, therefore, not subject to the unincorporated business tax under subdivision (c) of section

703 of the Tax Law. The Tax Commission found that petitioner, while acting as a labor consultant, was an advocate for the causes of his principles and not an impartial mediator or arbitrator; that he was unlicensed; that his skills and knowledge of labor relations were gained from his prior occupation as Deputy Commissioner of Labor for New York City from 1957 to 1965; and that he has lectured on labor relations in public service in colleges and helped to evolve the present New York City Labor Relations System. The commission concluded that claimant's activities, while requiring special knowledge and experience, dealt primarily with the conduct of business itself on behalf of his principals rather than the application of a separately developed art or science and did not constitute the practice of a profession. The burden of proof in establishing an exemption from taxes imposed on unincorporated businesses is upon the taxpayer (see Tax Law, § 689, subd [e]). The judicial function of review is limited. If there are any facts or reasonable inferences from the facts to sustain it, the court must confirm the Tax Commission's determination. A determination will not be disturbed by the court unless shown to be erroneous, arbitrary or capricious *(Matter of Liberman v Gallman,* 41 NY2d 774). In *People ex rel. Tower v State Tax Comm.* (282 NY 407) the Court of Appeals set down the test as to what constitutes a profession within the meaning of the unincorporated business tax statute. The principles laid down there require that the services rendered entail knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction or study. To be considered, as well, is whether even in the instance of an acknowledged professional his activities constitute the practice of a profession or are purely a commercial or business enterprise. In conformity with these tests we conclude that the commission's findings are rational and cannot be disturbed. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.