■ In the Matter of JOSEPH R. MARPET, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained an unincorporated business tax assessment for the years

1970 through 1972 under article 23 of the Tax Law. The sole question presented for our review is whether the determination of respondent that petitioner, a manufacturers' representative, was self-employed and carrying on an unincorporated business subject to the unincorporated business tax is supported by substantial evidence. On this record, we must confirm the determination of the Tax Commission. The burden of overcoming an assessment is upon the taxpayer and one claiming an exemption from taxation "must be able to point to some provision of law plainly giving the exemption" *(Matter of Liberman v Gallman,* 41 NY2d 774, 777). Petitioner here claims he is exempt from such tax as an employee of his primary principal, WMF of America, Inc., Frasers Division (hereinafter Frasers), for whom he sold table and gift wares, under subdivision (b) of section 703 of the Tax Law. Of course, it is the degree of control and direction exercised by the employer over the manner of the taxpayer's performance of the work which determines whether the taxpayer is an employee *(Matter of Liberman v Gallman, supra,* p 778). The scope of judicial review is limited and a court may not substitute its judgment for that of the commission where reasonable minds may differ as to the probative force of the evidence (p 779; *Matter of Minkin v State Tax Comm.,* 60 AD2d 420, affd 45 NY2d 991). Although there was evidence to support petitioner's contention that he was an employee, there was substantial evidence to sustain the conclusion of respondent. It was claimed that petitioner's sales activity outside of Frasers was limited to less than 10% of his activities. Yet, his Federal income tax returns revealed he actually derived from 30% to 40% of his gross income from sales for other principals for each of the years in question. The only proof of control offered by petitioner consisted of an affidavit from the president of Frasers, which dealt in general conclusory assertions and lacked specifics. The generalities were in conflict with the facts contained in the tax returns and records pertaining to petitioner's sales activities. Petitioner maintained an office at home, for which he claimed rental deduction. He was not reimbursed for his business expenses. Frasers did not withhold Social Security, Federal or New York State income taxes from petitioner nor was petitioner included in Frasers' retirement or pension plan. Further, petitioner did not segregrate the amount of time spent in sales activity for each of his five principals. On this record, it may not be said that the commission's determination was arbitrary, capricious or irrational. Determination confirmed, and petition dismissed; without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.