■ In the Matter of MARTIN L. LEE, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a determination of deficiency for personal and unincorporated business taxes. Petitioner operates a travel agency and a premium business selling notions. He and his wife filed combined personal income tax returns for the years 1970, 1971 and 1972 on which business income was divided equally between the two. Unincorporated business tax returns were not filed for those years. Respondent informed petitioner, by a notice of deficiency dated March 31, 1975, that income from his business activities was subject to unincorporated business tax, and for the years in question imposed additional personal income taxes and unincorporated business taxes on him plus penalty and interest for a total amount of $5,093.34. In April, 1975, petitioner filed unincorporated business tax returns and, with his wife, amended personal income tax returns. Petitioner also paid some of the unincorporated business tax asserted to be due, and it is conceded that the amount in controversy is now $4,428.58. A redetermination of deficiency was sought by petitioner and after a hearing respondent concluded that petitioner did not sustain his burden of proving that his wife was a bona fide employee. Consequently, respondent determined that petitioner was not entitled to a deduction for the wage expenses of his wife so as to permit him to reduce his unincorporated business tax and personal income tax liabilities. The notice of deficiency was sustained and this proceeding ensued. Petitioner's accountants testified that petitioner's wife owned one half of the business; that it was a "working partnership" but no partnership agreement

existed; and that it was treated by the accountants as a sole proprietorship. Petitioner's wife testified that she ran the travel agency business but during the years in question did not receive a regular salary check and that she did not need to since petitioner was taking care of her. The accountants also testified that when preparing the amended returns they allocated a salary to petitioner's wife, which they considered "is reasonably paid to a person of her competence", and that if petitioner's wife was fired by petitioner she could not collect unemployment insurance benefits because she would not be considered an employee. This court must confirm the Tax Commission's determination if there are any facts or reasonable inferences from the facts to sustain it *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). Unless a determination is shown to be erroneous, arbitrary or capricious, it will not be disturbed by the court *(Matter of Diana v State Tax Comm.,* 68 AD2d 960). We may not substitute our judgment for that of the Tax Commission where reasonable minds may differ as to the weight of the evidence *(Matter of Marpet v State Tax Comm.,* 68 AD2d 1009). From our review of the record, we are of the opinion that there are sufficient facts to sustain the determination and it must, therefore, be confirmed *(Matter of Liberman v Gallman,* 41 NY2d 774). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.