■ In the Matter of LAWRENCE SILVERMAN, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which partially sustained a personal income tax assessment imposed pursuant to article 22 of the Tax Law.

Respondent assessed personal liability for unpaid employee withholding taxes upon petitioner as a responsible corporate officer of Digital Lighting Corporation, which ceased business operation in January, 1978 (Tax Law, § 685, subds [g], [n]). Following an administrative hearing on petitioner's challenge to the assessments, respondent issued a determination which modified the amount due by reducing the deficiency from $2,699.78 to $1,755.44 after crediting payments of $944.34. Petitioner commenced the instant CPLR article 78 proceeding to annul the determination.

Initially, we note that petitioner concedes that he is responsible to pay any deficiency that may be due. The sole issue thus becomes whether the contested deficiencies correctly reflect the outstanding balance of withholding tax due for the periods in issue. Respondent's determination may be annulled only if its findings are not supported by substantial evidence (*Matter of Ward v New York State Tax Comm.,* 97 AD2d 640). Petitioner bears the burden of demonstrating the existence of error in the deficiencies assessed (Tax Law, § 689, subd [e]; *Matter of Levin v Gallman,* 42 NY2d 32, 34).

Our review of the record confirms that certain errors were in fact made in respondent's calculations for the periods in issue in both the 1975 and 1976 tax years. Contrary to respondent's calculation of an $811.11 deficiency for 1975, two of the Department of Taxation and Finance's records, a notice and demand form issued on July 11, 1977 and a computer printout dated September 22, 1981, confirm a total deficiency of only $381.53. Additionally, an interdepartmental memorandum of the department's Tax Compliance Bureau noted that petitioner's deficiencies for December of 1975 had been paid in full — a finding in sharp contrast with respondent's assessment of $429.58 for the very same period. As to the 1976 tax year, a review of the department's records demonstrates a series of inconsistencies for the period of January 1 through March 31, 1976, as well as an unexplained alteration in an IT-2101 form for withholding tax

due submitted by the department. From our review of the record, it becomes clear that the total tax due for 1976 was $1,300.90. Of this amount, the record confirms payment totaling $792.76, leaving a deficiency in the amount of $508.14 for the 1976 tax year. To the extent respondent assessed a deficiency in excess of $381.53 for 1975 and $508.14 for 1976, its determination is not supported by substantial evidence and should be annulled.

Determination modified, with costs to petitioner, by annulling so much thereof as sustained the deficiency in excess of $381.53 for the 1975 tax year and $508.14 for the 1976 tax year, and, as so modified, confirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.