█ In the Matter of MICHAEL SCHIRALDI, III, et al., Petitioners, v RODERICK G. W. CHU et al., Constituting the State Tax Commission of the State of New York, Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income and unincorporated business tax assessment imposed under Tax Law articles 22 and 23 for the years 1975 and 1976.

Petitioners, Michael Schiraldi, III, and Carol Schiraldi, purchased an off-premises, retail liquor store from Mr. Schiraldi's father pursuant to a purchase agreement dated July 9, 1970 and an appended, undated rider which contained the seller's promise not to compete. From a total purchase price of $50,000, petitioners allocated $20,000 to furniture and fixtures, $5,000 to goodwill and $25,000 to the covenant not to compete. Petitioners claimed depreciation of $2,500 for each year on the "covenant not to compete". Respondents disallowed the depreciation on the ground that it had not been established that the amount allocated to the covenant was for anything other than goodwill in the sale of the business.

Petitioners claimed 100% of the home and business telephone expenses for 1975 and 1976 as a business deduction. Respondents disallowed 33⅓% of such expenses as personal. Petitioners also claimed 100% of the automobile expenses attributed to two cars as a business deduction during the years in issue; 25% of both the balance for 1976 and a deduction claimed for 1975 were disallowed as personal.

The issues in this proceeding are whether the contested business expense disallowances correctly reflect the tax due and whether depreciation was appropriately disallowed. Respondents' determination may be annulled only if its findings are not supported by substantial evidence (*Matter of Silverman v New York State Tax Commn.*, 106 AD2d 761). Petitioners bear the burden of demonstrating the existence of error in the deficiencies assessed (Tax Law § 689 [e]; *Matter of Levin v Gallman*, 42 NY2d 32, 34).

The record discloses that petitioners purchased their liquor business from Michael Schiraldi, Jr. The set price of $50,000 was arrived at by the parties personally without benefit of appraisal, as was the apportionment of value ascribed to furniture and fixtures, goodwill and to the covenant not to compete. By affidavit the seller attested to the agreement not to compete and asserted that he treated the $25,000 received for the restrictive covenant as ordinary income on which he paid taxes. Petitioner Michael Schiraldi, III, testified that he would not have bought the business without a covenant not to compete because of the reputation his father enjoyed in the community. The evidence disclosed that the business was not under the father's name but, rather, was known as Birch Hill Liquors.

With respect to the automobile and telephone expenses, petitioners concede some personal use as to both, but they

challenge the percentages arrived at by the tax examiner. We note that no records were kept by petitioners as to phone usage or car mileage documenting personal use vis-à-vis business use. The tax examiner applying an experience factor and based on interviews with petitioners disallowed 33⅓% of the claimed phone use and 25% of the car use. We find that petitioners failed in their burden of proving entitlement to these expenses. Respondents' findings under these circumstances were rational and supported by substantial evidence and will not be disturbed.

The determination of respondents as to the disallowance of depreciation for the covenant not to compete must be upheld as well. Respondents found that when a covenant not to compete accompanies the transfer of goodwill in the sale of a going concern and the covenant is essentially to insure the purchaser the beneficial enjoyment of the goodwill he had acquired, the covenant is not severable and not subject to the allowance for depreciation. Such result is reached even when the contract places a value on the covenant not to compete *(Toledo Blade Co. v Commissioner of Internal Revenue*, 180 F2d 357, *cert denied* 340 US 811). Respondents found it significant that the business was not appraised by competent authority at the time of the sale and that petitioners did not know if the seller would have attempted to compete with them if the covenant had not been executed. We note, too, that there was no independent proof in the record as to the seller's business reputation and whether he intended to compete absent the covenant.

This court must confirm respondents' determination if there are facts or reasonable inferences from the facts to sustain it *(Matter of Diana v New York State Tax Commn.*, 68 AD2d 960). We are of the view that there are sufficient facts to support the determination in this case and it must therefore be upheld.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.